## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, in his official capacity as Acting Commissioner of U.S. Customs & Border Protection,<br><br>    Defendants. | Court No. 23-00063 |

## **COMPLAINT**

Plaintiff, Fraserview Remanufacturing Inc. ("Fraserview"), by and through its attorney, alleges and states as follows:

1.  This action concerns the erroneous identification by U.S. Customs & Border Protection ("CBP") of certain entries by Fraserview as "deemed liquidated" in the Automated Commercial Environment ("ACE"), despite the fact that the entries in question were subject to suspension of liquidation instructions issued by the U.S. Department of Commerce ("Commerce") pursuant to its second administrative review of the antidumping and countervailing duty orders for Canadian softwood lumber, A-122-857 and C-122-858. CBP has acknowledged that the designation of the entries in question as deemed liquidated was "in error," but maintains that such designation constituted actual liquidation and therefore should have been protested within 180 days from the date that the liquidation status was updated in ACE.

2.  Pursuant to 19 U.S.C. § 1504(d), liquidation of an entry is deemed to occur by

1

operation of law only where (a) suspension of liquidation has been lifted, and (b) CBP has failed to affirmatively liquidate the entry within 6 months after the date that it received notice of the lifting of suspension.  With regard to the entries at issue, however, CBP has acknowledged that suspension of liquidation was not lifted: Commerce messages instructed CBP to continue to suspend liquidation of the subject entries.  As such, by law, the entries are not deemed liquidated; CBP does not have the power to cause an entry to be "deemed liquidated" where the statutory prerequisites for such a status are not present, merely by designating it as such in ACE.  Accordingly, the entries remain suspended, and their designation in ACE as "deemed liquidated" is erroneous.  The Court has jurisdiction under 28 U.S.C. § 1581(i) because CBP's erroneous designation of the entries as "deemed liquidated" is not a protestable "decision" under 19 U.S.C. § 1514 and jurisdiction is therefore unavailable under 28 U.S.C. § 1581(a).

3.	Fraserview asks the Court to issue a declaratory judgment that the entries in question remain suspended, and to direct Defendants to correct their liquidation status designation is ACE; or alternatively to set aside liquidation of the entries as in error, and to direct Defendants to place the entries back in suspended liquidation status or to reliquidate the subject entries in accordance with the final liquidation instructions to be issued by Commerce.

4.	CBP instructed Fraserview that protest pursuant to 19 U.S.C. § 1514 was available within 180 days from posting notice of deemed liquidation, and Fraserview has filed an administrative protest with regard to the entries in question in accordance with that instruction.  However, this Court is currently considering, pursuant to a motion in a separate case brought by Fraserview, whether designation of entries as deemed liquidated in the absence of the satisfaction of statutory conditions for deemed liquidation constitutes a protestable decision.  *See Fraserview Remanufacturing Inc. v. United States et al.*, Court No. 22-00244.  If

the Court rules that such designation is not protestable, then Fraserview's only avenue for judicial review with regard to the subject entries is via 28 U.S.C. § 1581(i). This case accordingly is brought within the two-year time limit for filing of § 1581(i) actions, in order to preserve Fraserview's right to appeal in the event that protest is determined to be unavailable.

## PARTIES

5.      Plaintiff Fraserview is a Canadian exporter of softwood lumber, which together with related party 0752615 B.C. Ltd. does business under the commercial name "Fraserview Cedar Products." Fraserview is the Foreign Importer of Record for all entries of softwood lumber that it exports to the United States.

6.      Defendant United States, U.S. Customs & Border Protection ("CBP"), an agency of the Department of Homeland Security, is responsible for collecting antidumping and countervailing duties calculated by the Department of Commerce, and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

7.      Defendant CBP performs ministerial functions only pursuant to instructions issued by Commerce with regard to Commerce's AD/CVD determinations, which ministerial functions include the implementation of Commerce instructions regarding the suspension of liquidation of entries subject to Commerce administrative proceedings.

8.      Defendant Troy A. Miller is the Acting Commissioner of CBP, and is sued in his professional capacity only.

## JURISDICTION

9.      Subject matter jurisdiction exists in this action under 28 U.S.C. § 1581(i)(1)(B) and (D), which confer exclusive jurisdiction to the Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United

States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" and "administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)-(h) of this section." See, 28 U.S.C. § 1581(i)(1)(B), (D).

10. Jurisdiction under 28 U.S.C. § 1581(i) "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that subsection would be manifestly inadequate." *See International Customs Products, Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (quoting *Norcal/Crosetti Foods Inc. et.al v. United States et. al,* 963 F.2d 356, 359 (Fed. Cir. 1992).

11. Jurisdiction under § 1581(a) is unavailable because no protestable action or decision occurred. 28 U.S.C. § 1581(a) provides the Court with exclusive jurisdiction over actions contesting the denial of a protest under 19 U.S.C. § 1515. However, not all errors are protestable. 19 U.S.C. § 1514 authorizes protests with regard to two categories of errors: (a) clerical errors, mistakes of fact, or other inadvertence "in any entry, liquidation, reliquidation," and (b) "decisions of the Customs service" with regard to specifically enumerated issues including "the liquidation or reliquidation of an entry…including the liquidation of an entry, pursuant to…section 1504 of this title." *See* 19 U.S.C. § 1514(a). Under this statutory scheme, any error "in liquidation" – that is, where liquidation has occurred -  may be protested, but errors that do not occur in an "entry, liquidation, or reliquidation" may only be protested if they constitute "decisions."

12. Protest is not available with regard to the entries in question under the first category provided for in § 1514(a) (clerical errors, mistakes of fact, or other inadvertence "in any entry, liquidation, reliquidation") because the statutory conditions for deemed liquidation

do not exist and CBP's designation of the entries as deemed liquidated is therefore without effect; the entries remain suspended (unliquidated) pursuant to 19 U.S.C. § 1504(d). *See Alden Leeds Inc. v. United States*, 476 Fed. Appx. 393, 400 (Fed. Cir. 2012) (despite posting by CBP of notice of deemed liquidation in Customs Bulletin, "the entries were not actually deemed liquidated by operation of law, because the prerequisites for deemed liquidation had not occurred."). The statutory language limits protests in this category to clerical errors, mistakes of fact or other inadvertence "in any entry, liquidation, or reliquidation," clearly indicating that only errors that persist at liquidation are protestable. *See* 19 U.S.C. § 1514(a). Liquidation has not occurred with regard to the entries at issue, therefore there exists no error "in liquidation" to protest.

13. Protest is further not available under the second category provided for in § 1514(a) ("decisions of the Customs service") because the actions of CBP in designating the entries in question as deemed liquidated do not constitute a protestable "decision." In order to be protestable, a "decision" must be final and conclusive, and with rare exceptions, that finality is established only upon liquidation; as a result, decisions made prior to liquidation are generally not protestable. *See, e.g., Borusan Mannesmann Boru Sanayi Ve Ticaret AS v. United States*, 578 F. Supp. 3d 1333 (Ct. Int'l Tr. 2022) (Because the entries are unliquidated, Customs "has not made a 'final and conclusive' decision…Accordingly, Customs has not made a protestable decision."). Where suspension of liquidation remains in place, liquidation by operation of law under § 1504 cannot occur, and erroneous notices of deemed liquidation do not cause liquidation to occur; in such cases, therefore, the erroneous notice of deemed liquidation is not subject to protest. *See LG Electronics USA, Inc. v. United States*, 991 F. Supp. 668, 676-77 (Ct. Int'l Tr. 1997).

14. Accordingly, because no protestable error or decision occurred, jurisdiction is not available under 28 U.S.C. § 1581(a). Plaintiff does not contest the liquidation instructions issued by Commerce, and therefore jurisdiction under § 1581(c) is likewise not available.

15. The change of ACE records with regard to liquidation status of entries, which impacts the final AD/CVD rates applied to the entries, pertains directly to CBP's administration and enforcement of tariffs, duties, fees or other taxes on the importation of merchandise for reasons other than the raising of revenue. Accordingly, the Court has jurisdiction over this issue under 28 U.S.C. § 1581(i)(1)(D).

## STANDARD OF REVIEW

16. Pursuant to 28 U.S.C. § 2640(e), actions commenced pursuant to § 1581(i) are to be reviewed as provided in 5 U.S.C. § 706, which requires that the Court will "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C); 28 U.S.C. § 2640(e).

## STANDING

17. Title 28 U.S.C. § 2631(i) states that "[a]ny civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."

18. Fraserview, as the importer of record for the entries in question, is adversely affected by the actions of CBP in designating its entries as deemed liquidated, because such designation deprives Fraserview of the benefits of any final duty rates that Commerce may

6

apply in future liquidation instructions.

## TIMELINESS

19.    Pursuant to 28 U.S.C. § 2636(i), a plaintiff must commence an action that takes place pursuant to the Court's jurisdiction under 28 U.S.C. § 1581(i) "within two years after the cause of action first accrues."

20.    Plaintiff's claims accrued on March 19, 2021, the date on which CBP designated the entries in question as "deemed liquidated" in the ACE system. This action is therefore timely.

## STATEMENT OF FACTS

21.    Fraserview is a Canadian producer and exporter of softwood lumber located in British Columbia, Canada. Since its creation in 1994, Fraserview has sold its softwood lumber products to customers both in Canada and the United States. Fraserview acts as the foreign Importer of Record for entries of its softwood lumber shipments into the United States.

22.    Fraserview and related party 0752615 B.C. Ltd. collectively operate under the commercial name "Fraserview Cedar Products." All entries that are the subject to this Complaint were imported by Fraserview under its legal name Fraserview Remanufacturing Inc. and identify Fraserview Remanufacturing Inc. as the producer and exporter of the imported merchandise. See Appendix I for a list of entries subject to this Complaint.

**A. Antidumping and countervailing duty orders and cash deposit instructions for softwood lumber**

23.    On April 28, 2017, the U.S. Department of Commerce ("Commerce") preliminarily determined that countervailing subsidies were being provided to producers and

exporters of certain softwood lumber products from Canada.  *See Certain Softwood Lumber Products from Canada: Preliminary Affirmative Countervailing Duty Determination, and Alignment of Final Determination with Final Antidumping Duty Determination*, 82 Fed. Reg. 19657 (April 28, 2017).  Commerce accordingly ordered suspension of liquidation and collection of countervailing duty (CVD) cash deposits on entries of softwood lumber on or after April 28, 2017.  *See* Commerce Message No. 7118311 (April 28, 2017).

24. On June 30, 2017, Commerce preliminarily determined that certain softwood lumber producers were being, or were likely to be, sold in the United States at less than fair value.  *See Certain Softwood Lumber Products from Canada: Preliminary Affirmative Determination of Sales at Less Than Fair Value*, 82 Fed. Reg. 29833 (June 30, 2017).  As a result, Commerce ordered suspension of liquidation and collection of antidumping duty (AD) cash deposits on entries of softwood lumber on or after June 30, 2017.  *See* Commerce Message No. 7191304 (July 10, 2017).

25. On January 3, 2018, Commerce published AD and CVD Orders for softwood lumber from Canada.  *See Certain Softwood Lumber Produces from Canada: Antidumping Duty Order and Partial Amended Final Determination*, 83 Fed. Reg. 350 (January 3, 2018); *Certain Softwood Lumber Products from Canada: Amended Final Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347 (January 3, 2018).  Commerce published cash deposit instructions pursuant to the *Orders*.  *See* Commerce Message No. 8004301 (January 4, 2018); Commerce Message No. 8004302 (January 4, 2018).

26. In accordance with Commerce requirements, Fraserview entered all imports of softwood lumber for consumption on or after publication of the preliminary determinations as type 03 entries, and paid the AD and CVD cash deposits required at the time of entry.  All Type

8

03 entries filed by Fraserview identified Fraserview as the producer and exporter of the subject merchandise.

### B. Suspension of Liquidation of Fraserview's 2019 Entries Pursuant to Second Administrative Review.

27.   On January 20, 2020, Fraserview timely requested administrative review in case numbers A-122-857 and C-122-858 for period of review 1/1/2019 – 12/31/2019. Fraserview's requests for administrative review were made on behalf of two related parties: 0752615 B.C. Ltd., and Fraserview Remanufacturing Inc., which jointly do business as Fraserview Cedar Products.

28.   On March 10, 2020, Commerce initiated AD and CVD administrative reviews for softwood lumber from Canada for the 1/1/2019 – 12/31/2019 period of review. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 13820 (March 10, 2020). Fraserview was listed in the initiation notice as one of the companies for which administrative review was initiated. *Id*. at 13862, 13868. In accordance with Fraseview's administrative review request, the Notice of Initiation initiated review with respect to "752615 B.C Ltd, Fraserview Remanufacturing Inc., d.b.a. Fraserview Cedar Products." *Id*.

29.   Commerce issued instructions to CBP to liquidate entries of subject merchandise entered during the 1/1/2019 – 12/31/2019 period of review unless produced and/or exported by companies listed in paragraph 3 of the instructions. *See* Commerce Message No. 0140401 (May 19, 2020); Commerce Message No. 0111401 (April 20, 2020). Paragraph 3 in each set of instructions ordered CBP to continue suspension of liquidation of entries of subject merchandise entered during the time period 01/01/2019 – 12/31/2019 that were produced and/or exported by Fraserview. *Id*.

30.   On December 2, 2021, Commerce published the final results of its administrative reviews of softwood lumber from Canada for the 1/1/2019 – 12/31/2019 period of review. *See*

*Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review; 2019*, 86 Fed. Reg. 68471 (December 2, 2021); *Certain Softwood Lumber Products From Canada: Final Results of Countervailing Duty Administrative Review; 2019*, 86 Fed. Reg. 68467 (December 2, 2021); *see also Certain Softwood Lumber Products From Canada: Notice of Amended Final Results of the Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 1114 (January 10, 2022). However, liquidation instructions were not issued pursuant to the final determinations.

### C. Continued Suspension of Fraserview's 2019 Entries Pursuant to USMCA BiPanel Review

31. On January 5, 2022, Commerce published notices of requests for USMCA Article 10.12 Panel review of the AD and CVD administrative review final results by various Canadian parties. *See United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel Review: Notice of Request for Panel Review*, 87 Fed. Reg. 419 (January 5, 2022); *United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel Review: Notice of Request for Panel Review*, 87 Fed. Reg. 427 (January 5, 2022).

32. On February 28, 2022, and Match 16, 2022, Commerce issued continued suspension instructions, instructing CBP to continue suspension of liquidation for 2019 entries of softwood lumber that were produced and/or exported by any of the specifically enumerated companies for which suspension of liquidation was requested pursuant to the USMCA binational panel reviews. *See* Commerce Message No. 2059401 (February 18, 2022) (CVD continued suspension instructions); Commerce Message No. 2075474 (March 16, 2022) (AD continued suspension instructions). Both documents expressly instruct CBP to continue suspension of liquidation for 2019 entries of subject merchandise produced and/or exported by Fraserview. *Id*.

33. The USMCA binational panel reviews have not been completed, and no liquidation instructions have been issued for merchandise produced and/or exported by Fraserview and imported during 2019. Accordingly, liquidation of Fraserview's entries for the time period 1/1/2019 – 12/31/2019 remains suspended pursuant to Commerce instructions.

**D.  CBP Designation in ACE of 910 Fraserview Entries as "Deemed Liquidated"**

34. On March 19, 2021, CBP changed the recorded liquidation status of 910 entries of softwood lumber, entered by Fraserview during 2019, to "deemed liquidated." The date on which CBP alleged the entries to have become deemed liquidated was September 10, 2020 - six months after publication of the notices of initiation of administrative review for the 1/1/2019 – 12/31/2019 administrative review.

35. The designation of the entries as deemed liquidated is in error, as all entries remain subject to liquidation suspension instructions issued by Commerce.

36. Fraserview remained unaware of the erroneous designation of the 910 entries as deemed liquidated until May 2021. At that time, Fraserview checked the liquidation status of its 2017-18 entries to ensure that CBP had not liquidated any of its entries in error following issuance by Commerce of continued suspension instructions relevant to that time period. In so doing, Fraserview discovered for the first time that the liquidation status for 910 entries in 2019 (as well as 80 entries in 2017 that are the subject of a separate appeal) had been retroactively changed in ACE to "deemed liquidated."

**E.  CBP Position with Regard to Entries Designated in ACE as "Deemed Liquidated."**

37. On June 3, 2021, counsel for Fraserview contacted the CBP Center for Excellence and Expertise for Industrial and Manufacturing Materials ("CEE") by email with regard to the entries. Counsel stated that the designation of the entries in question as "deemed

liquidated" was in error, as the conditions specified in 19 U.S.C. § 1504(d) that give rise to deemed liquidation by operation of law had not occurred, and requested the assistance of the CEE in correcting the ACE record and re-designating the liquidation status of the entries in question as suspended.

38. On June 7, 2021, a Senior Import Specialist ("SIS") with the CEE responded, "I concur that the entries were deem {sic} liquidated in error." However, the SIS went on to state that the entries were in fact liquidated as of September 10, 2020, and that because the liquidation date was more than 180 days in the past, the entries were finally liquidated. The SIS concluded, "I am afraid there is nothing that can be done legally at this point."

39. On June 7, 2020, counsel for Fraserview responded that the protest deadlines applicable to liquidated entries are not applicable in this instance because the entries are not actually liquidated – they are merely, and erroneously, designated as deemed liquidated in ACE:

> By definition, entries cannot be deemed liquidated in error – deemed liquidation occurs by operation of law six months after suspension is lifted. Suspension of liquidation was not lifted for these entries and therefore, <u>by law, these entries cannot be deemed liquidated</u>. … The entries are not deemed liquidated, and the mere fact that CBP has identified them as deemed liquidated does not make it so: it is not within CBP's power to cause an entry to be deemed liquidated which no lifting of suspension by Commerce has occurred, even by error. Therefore, under the law, these entries <u>are not liquidated</u>. The issue here is therefore not one in which an entry is liquidated in error, it is one where ACE incorrectly <u>identifies</u> the entry as deemed liquidated, when it actually is not. This <u>is</u> something that CBP can correct.

40. On June 8, 2021, CBP responded that "After consulting CBP management and considering all options, there is a chance to correct the 2019 entries that were processed for liquidation on 3-19-2021. If a protest is submitted within 180 days of the entries being processed on 3-19-2021 CBP can suspend the protest/entries as Premature Liquidation of AD/CVD Entries."

41. Fraserview considers CBP's position that the entries were liquidated and could

12

therefore be protested to be incorrect as a matter of law. Nevertheless, having received written instructions from CBP that its only recourse was the filing of a protest, Fraserview followed those instructions. On July 20, 2021, Fraserview filed protest 3009-21-100295, protesting the designation of the 910 entries during 2019 as deemed liquidated.

### F.  CIT Appeal for 2017 Deemed Liquidated Entries: Court No. 22-00244

42.     In the June 8, 2021 email, CBP asserted that the 2017 entries that it had designated as deemed liquidated were finally liquidated and that no relief was available.

43.     On August 23, 2022, Fraserview filed a complaint pursuant to 28 U.S.C. § 1581(i), in which it sought relief from the erroneous designation of 80 2017 entries as deemed liquidated. *See* Complaint, *Fraserview Remanufacturing Inc. v. United States et al.,* Court No. 22-00244, ECF Doc. No. 2 (August 23, 2022).

44.     On December 8, 2022, Defendant United States filed a motion to dismiss court no. 22-00244 for lack of subject matter jurisdiction. Defendant argued that jurisdiction was not available under 28 U.S.C. § 1581(i) because Fraserview could have appealed the erroneous designation of the entries as deemed liquidated. *See* Defendant's Motion to Dismiss, *Fraserview Remanufacturing Inc. v. United States et al.,* Court No. 22-00244, ECF Doc. No. 10 (December 8, 2022).

45.     On January 12, 2023, Fraserview responded in opposition to the motion to dismiss. Fraserview argued that jurisdiction under 28 U.S.C. § 1581(i) is proper because no protestable event had occurred, as the entries by statute remain unliquidated. Fraserview argued in the alternative that jurisdiction under 28 U.S.C. § 1581(i) is proper because protest, if it were available, is a manifestly inadequate remedy. *See* Plaintiff's Response to Motion to Dismiss, *Fraserview Remanufacturing Inc. v. United States et al.,* Court No. 22-00244, ECF

Doc. No. 11 (Januar7 12, 2023).

46.    On February 16, 2023, Defendant filed its reply in support of the motion to dismiss.  At present, the motion remains under consideration by the Court.  *See* Defendant's Reply in Support of Motion to Dismiss, *Fraserview Remanufacturing Inc. v. United States et al.,* Court No. 22-00244, ECF Doc. No. 14 (February 16, 2023).

47.    The proceedings in Court No. 22-00224 address an identical issue to the case at hand: the proper statutory provision under which this Court may assert jurisdiction over the issue of CBP's erroneous designation of entries as deemed liquidated where the statutory prerequisites for deemed liquidation do not exist.

## STATEMENT OF CLAIMS

### COUNT ONE

48.    Paragraphs 1 through 47 are incorporated by reference.

49.    Fraserview seeks declaratory relief pursuant to 28 U.S.C. § 2201(a), 28 U.S.C. § 2643(c)(1), and Rule 57 of the Rules of the U.S. Court of International Trade.  All conditions precedent for filing of this action have occurred.

50.    There exists an actual controversy between Fraserview and CBP, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.    The language of 19 U.S.C. § 1504(d) is clear that the lifting of suspension of liquidation is a fundamental prerequisite to deemed liquidation.  Commerce has not lifted suspension of liquidation of the entries in question, and therefore no deemed liquidation thereof has occurred.

52. CBP's designation in ACE of the entries in question as "deemed liquidated" is therefore arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law, and in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

53. Fraserview is therefore entitled to declaratory judgment that CBP's designation of its entries as "deemed liquidated" is *void ab initio* and that the liquidation of its entries remains suspended.

## COUNT TWO

54. Paragraphs 1 through 53 are incorporated by reference.

55. The Administrative Procedures Act directs that the Court shall "compel agency action unlawfully withheld" and further shall set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority or limitations, or short of statutory right." *See* 5 U.S.C. § 706.

56. CBP lacks statutory jurisdiction or authority to declare an entry "deemed liquidated" where the statutory conditions for deemed liquidation as provided for in 19 U.S.C. § 1504(d) are not present.

57. CBP's erroneous designation of the entries in question as deemed liquidated, despite the fact that the entries remained suspended pursuant to Commerce instructions, was therefore arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and in excess of statutory jurisdiction, authority or limitations, or short of statutory right.

58. CBP unlawfully withheld correction of its erroneous designation of the entries in question as deemed liquidated. Failure to correct the liquidation status of the entries in ACE will prevent application of the correct final AD/CVD rates to the entries upon the lifting of suspension of liquidation by Commerce.

59. Fraserview is therefore entitled to an order by this Court setting aside the designation of the entries as deemed liquidated and compelling Defendants to correct the liquidation status of the entries in ACE.

## REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

(1) Declare that CBP's designation of the entries at issue as "deemed liquidated" is *void ab initio* and that the entries remain in suspended liquidation status pursuant to Commerce instructions;

(2) Order Defendants to re-designate the liquidation status of the entries in question as suspended in ACE, or in the alternative, order Defendants to liquidate the entries in question pursuant to applicable Commerce instructions when such instructions are issued;

(3) Award Plaintiff its costs and reasonable attorney fees; and

(4) Grant such additional relief as may be just and proper

Respectfully submitted,

 /s/ Heather Jacobson
Heather Jacobson

Junker & Nakachi, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121
(206) 774-0927
hjacobson@tradelawcounsel.com
*Counsel to Fraserview Remanufacturing Inc.*

Dated: March 15, 2023

*Fraserview v. United States et al.*
Court No. 23-00063

# CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on March 15, 2023, copies of Plaintiff's Summons and Complaint were mailed to the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Suite 4.4-B
Washington, DC 20229
**cbpserviceintake@cbp.dhs.gov**

  /s/ Heather Jacobson
Heather Jacobson