## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC.,<br><br>     Plaintiff,<br>  v.<br><br>UNITED STATES, *et al*,<br><br>     Defendant. | Court No. 23-00063 |

## <u>ORDER</u>

Upon reading the Government's motion to dismiss the complaint for lack of subject-matter jurisdiction, plaintiff's response thereto, and upon consideration of all other papers and proceedings had herein, it is hereby

**ORDERED** that Government's motion be, and hereby is granted; and it is further

**ORDERED** that this case be, and hereby is, dismissed.

_____
        Judge

Dated: _____
New York, New York

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES, *et al*, <br><br> Defendant. | Court No. 23-00063 |

**<u>GOVERNMENT'S MOTION TO DISMISS THE COMPLAINT</u>**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States *et. al.* (the "Government"), respectfully requests that the Court dismiss this case for lack of subject-matter jurisdiction on the grounds set forth in the accompanying memorandum of law.

WHEREFORE, Government respectfully asks this Court to enter an order granting its motion and dismissing this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
Assistant Director

/s/ Elisa S. Solomon
ELISA S. SOLOMON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-0583

*Attorneys for Defendant*

Of Counsel:
Sabahat Chaudhary
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

July 11, 2023

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

BACKGROUND ............................................................................................................... 2

    I.    U.S. Department of Commerce Administrative Proceedings ........................... 2

    II.   CBP's Determination That Fraserview's Entries Had Liquidated ................... 5

SUMMARY OF ARGUMENT ........................................................................................ 9

ARGUMENT ................................................................................................................... 11

    I.    Standard Of Review ....................................................................................... 11

    II.   The Court Lacks Jurisdiction Over This Action Under 28 U.S.C. § 1581(i)................. 12

    III.  Fraserview Has An Available Jurisdictional Avenue Under 28 U.S.C. § 1581(a) ........ 13

        A.   CBP's Determination that the Entries Had Liquidated by Operation of Law, and its Posting of Official Liquidation Notices Were Protestable Decisions Under 19 U.S.C. § 1514(a)(5) ............................................................................................... 13

        B.   The Remedy Available Under Section 1581(a) Is Not "Manifestly Inadequate" ...... 24

CONCLUSION................................................................................................................. 32

# TABLE OF AUTHORITIES

## Cases

*Alden Leeds Inc. v. United States*,
  34 C.I.T. 1179 (Ct. Int'l Trade 2010) .......................................................... 20

*Alden Leeds Inc. v. United States*,
  476 F. App'x 393 (Fed. Cir. 2012) ....................................... 10, 16, 19, 20

*Allegheny Bradford Corp. v. United States*,
  342 F. Supp. 2d 1162 (Ct. Int'l Trade 2004) ....................................... 21

*Am. Air Parcel Forwarding Co., Ltd. v. United States*,
  718 F.2d 1546 (Fed. Cir. 1983) ................................................................ 13

*ARP Materials, Inc. v. United States*,
  47 F.4th 1370 (Fed. Cir. 2022) ....................................................... 14, 26

*Belgium v. United States*,
  551 F.3d. 1339 (Fed. Cir. 2009) ............................................................. 17

*Bond St., Ltd. v. United States*,
  521 F. Supp. 2d 1377 (Ct. Int'l Trade 2007) ....................................... 31

*Borusan Mannesmann Boru Sanayi v. Ticaret A.S.*,
  578 F. Supp. 3d 1333 (Ct. Int'l Trade 2022) ................................. 14, 24

*Carbon Activated Corporation v. United States*,
  791 F.3d 1312 (Fed. Cir. 2015) ....................................................... 16, 17

*Cemex, S.A. v. United States*,
  384 F.3d 1314 (Fed. Cir. 2004) ................................................. 18, 19, 20

*Erwin Hymer Grp. N. Am., Inc. v. United States*,
  930 F.3d 1370 (Fed. Cir. 2019) ............................................................. 13

*Ford Motor Co. v. United States*,
  435 F. Supp. 2d 1324 (Ct. Int'l Trade 2006) ....................................... 14

*Georgetown Steel Corp. v. United States*,
  801 F.2d 1308 (Fed. Cir. 1986) ............................................................. 31

*Hitachi Home Electronics (America), Inc. v. United States*,
  704 F. Supp. 2d 1315 (Ct. Int'l Trade 2010), *aff'd*,
  661 F.3d 1343 (Fed. Cir. 2011), *reh'g en banc denied*,
  676 F.3d 1041 (Fed. Cir. 2012) ....................................................... 30, 31

iv

*Hutchison Quality Furniture, Inc. v. United States,*
827 F.3d 1355 (Fed. Cir. 2016) .......................................................................... 17

*Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC,*
938 F.3d 1355 (Fed. Cir. 2019) .......................................................................... 11

*Int'l Custom Prods., Inc. v. United States,*
467 F.3d 1324 (Fed. Cir. 2006) .......................................................................... 27

*Juice Farms v. United States,*
18 C.I.T. 1037 (Ct. Int'l Trade 1994), *aff'd,*
68 F.3d 1344 (Fed. Cir. 1995)) .......................................................................... 22

*Juice Farms, Inc. v. United States,*
68 F.3d 1344 (Fed. Cir. 1995) .......................................................................... 17

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) .......................................................................................... 11

*Koyo Corp. of U.S.A. v. United States,*
497 F.3d 1231 (Fed. Cir. 2007) .......................................................................... 17

*LG Electronics USA, Inc. v. United States,*
991 F. Supp. 668 (Ct. Int'l Tr. 1997) ............................................................22-24

*M S Int'l, Inc. v. United States,*
425 F. Supp. 3d 1332 (Ct. Int'l Trade 2020) ...................................................... 31

*Morris Costumes, Inc. v. United States,*
465 F. Supp. 2d 1345 (Ct. Int'l Trade 2006) ...................................................... 23

*Nat'l Nail Corp. v. United States,*
335 F.Supp.3d 1321 (Ct. Int'l Trade 2018) ................................................... 7, 12

*Norman G. Jensen, Inc. v. United States,*
687 F.3d 1325 (Fed. Cir. 2012) .......................................................................... 29

*Norsk Hydro Canada, Inc. v. United States,*
472 F.3d 1347 (Fed. Cir. 2006) ...................................................... 11, 16, 21, 26

*Shinyei Corp. of Am. v. United States,*
355 F.3d 1297 (Fed. Cir. 2004) .......................................................................... 16

*Steel Co. v. Citizens for a Better Env't,*
523 U.S. 83 (1998) ............................................................................................ 11

*Sunpreme Inc. v. United States*,
  892 F.3d 1186 (Fed. Cir. 2018).................................................................12, 24-26

Thyssenkrupp Steel N. Am., Inc. v. United States,
  886 F.3d 1215 (Fed. Cir. 2018)...........................................................................21

*TR Int'l Trading Co. v. United States*,
  433 F. Supp. 3d 1329 (Ct. Int'l Trade 2020)......................................................17

*United States v. Cherry Hill Textiles, Inc.*,
  112 F.3d 1550 (Fed. Cir. 1997)......................................................................20-21

*United States v. Cotton*,
  535 U.S. 625 (2002).............................................................................................11

*Wally Packaging, Inc. v. United States*,
  578 F. Supp. 1408 (Ct. Int'l Trade 1984)............................................................11

*Zojirushi Am. Corp. v. United States*,
  180 F. Supp. 3d 1354 (Ct. Int'l Trade 2016)......................................................30

**Statutes**

19 U.S.C. § 1500..........................................................................................23, 24

19 U.S.C. § 1504(d)...........................................................................1, 15, 18-20

19 U.S.C. § 1514(a).....................................................................................*passim*

19 U.S.C. § 1514(c)(3)........................................................................................14

19 U.S.C. § 1514(d)......................................................................................14, 19

19 U.S.C. § 1515......................................................................................11, 29-32

19 U.S.C. § 1516a(a)(2)(A)(ii)......................................................................31, 32

28 U.S.C. § 1581(a)....................................................................................*passim*

28 U.S.C. § 1581(c).............................................................................................31

28 U.S.C. § 1581(i).....................................................................................*passim*

28 U.S.C. § 2636.....................................................................................25, 26, 32

## Rules

USCIT Rule 12(b)(1) ............................................................................................ 11

USCIT Rule 12(h)(3) ........................................................................................... 11

## Regulations

19 C.F.R. § 159.9 ................................................................................................ 14

## Other

*Certain Softwood Lumber Products from Canada: Antidumping Duty Order and Partial Amended Final Determination,*
   83 Fed. Reg. 350 (Int'l Trade Admin. Jan. 3, 2018) ................................................... 2

*Certain Softwood Lumber Products from Canada: Amended Final Countervailing Duty Determination and Countervailing Duty Order,*
   83 Fed. Reg. 347 (Int'l Trade Admin. Jan. 3, 2018) ................................................... 2

*Certain Softwood Lumber Products from Canada: Initiation of Antidumping and Countervailing Duty Administrative Reviews,*
   84 Fed. Reg. 12,209 (Int'l Trade Admin. April 1, 2019) ............................................ 3

*Initiation of Antidumping and Countervailing Duty Administrative Reviews,*
   85 Fed. Reg. 13,860 (Int'l Trade Admin. March 10, 2020) ........................................ 3

*Certain Softwood Lumber Products From Canada: Preliminary Results of Antidumping Duty Administrative Review,*
   86 Fed. Reg. 28,551 (Int'l Trade Admin. May 27, 2021) ........................................... 4

*Certain Softwood Lumber Products From Canada: Preliminary Results and Partial Rescission of the Countervailing Duty Administrative Review, 2019,*
   86 Fed. Reg. 28,556 (Int'l Trade Admin. May 27, 2021) ........................................... 4

*Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review; 2019,*
   86 Fed. Reg. 68,471 (Int'l Trade Admin. Dec. 2, 2021) ............................................ 4

*Certain Softwood Lumber Products From Canada: Final Results of the Countervailing Duty Administrative Review, 2019,*
   86 Fed. Reg. 68,467 (Int'l Trade Admin. Dec. 2, 2021) ............................................ 4

*United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel Review: Notice of Request for Panel Review,*
    87 Fed. Reg. 429 (Int'l Trade Admin. Jan. 5, 2022) ................................................................. 5

*United States-Mexico-Canada Agreement (USMCA), Article 10.12: Binational Panel Review: Notice of Request for Panel Review,*
    87 Fed. Reg. 427 (Int'l Trade Admin. Jan. 5, 2022) ................................................................. 5

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| FRASERVIEW REMANUFACTURING INC., | |
| Plaintiff, | |
| v. | Court No. 23-00063 |
| UNITED STATES, *et al*, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade ("USCIT"), defendant, United States *et. al.* ("Government" or "defendant"), submits this memorandum in support of its motion to dismiss for lack of subject-matter jurisdiction.

**INTRODUCTION**

Plaintiff, Fraserview Remanufacturing Inc. ("Fraserview" or "plaintiff") challenges a decision by U.S. Customs and Border Protection ("Customs" or "CBP") that entries of softwood lumber imported by Fraserview had become liquidated by operation of law under 19 U.S.C. § 1504(d) (known as a "deemed liquidation" or a "liquidation by operation of law").[1]

Fraserview asserts jurisdiction pursuant to 28 U.S.C. § 1581(i).  *See* Summons (ECF No. 1), Compl. (ECF No. 2).  However, plaintiff cannot establish jurisdiction under § 1581(i),

---

[1] 19 U.S.C. § 1504(d) describes deemed liquidation and provides, in relevant part:

> [W]hen a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry . . . within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction over the entry.  Any entry . . . not liquidated by the Customs Service within 6 months after receiving such notice shall be treated as having been liquidated at the rate of duty, value, quantity, and amount of duty asserted by the importer of record[.]

*Id*. (emphasis added).

1

the Court's residual jurisdictional provision, because plaintiff has filed an administrative protest concerning these liquidations and that protest is currently suspended before CBP, *i.e.*, the agency has not finally adjudicated that protest.  Because plaintiff filed a valid protest concerning the liquidations at issue, if CBP ultimately denies that protest, plaintiff will have an adequate remedy to challenge the denial of that protest in an action brought pursuant to 28 U.S.C. § 1581(a). Plaintiff cannot prematurely challenge CBP's determination that Fraserview's entries had liquidated pursuant to 28 U.S.C. § 1581(i), the Court's residual jurisdiction provision, when it has an available and adequate remedy under the jurisdictional provision of 28 U.S.C. § 1581(a). The Government therefore moves the Court to dismiss this case for lack of subject-matter jurisdiction.

## **BACKGROUND**

## I.   **U.S. Department of Commerce Administrative Proceedings**

On December 29, 2017, the U.S. Department of Commerce ("Commerce") published a final affirmative countervailing ("CVD") order on certain softwood lumber from Canada, and on January 3, 2018, Commerce published a final antidumping ("AD") order and an amended CVD order on certain softwood lumber from Canada (collectively, the "AD/CVD Orders").  *See Certain Softwood Lumber Products from Canada: Antidumping Duty Order and Partial Amended Final Determination*, 83 Fed. Reg. 350 (Int'l Trade Admin. Jan. 3, 2018); *Certain Softwood Lumber Products from Canada: Amended Final Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 347 (Int'l Trade Admin. Jan. 3, 2018).  On April 1, 2019, Commerce initiated its first administrative reviews of the AD/CVD Orders.  *See Certain Softwood Lumber Products from Canada: Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 12,209 (Int'l Trade Admin. April 1, 2019).

At the time Fraserview entered the 830 entries of softwood lumber at issue in this case, between January and December 2019, Commerce had instructed CBP to suspend liquidation and had ordered CBP to collect cash deposits on entries subject to the AD/CVD Orders on certain softwood lumber from Canada.[2]  *See* Compl. ¶¶ 23-24; Compl. App. I (ECF No. 2-2). Fraserview therefore identified its entries as "Type 03" entries, *i.e.*, entries that are subject to AD and/or CVD duties and paid the applicable AD/CVD cash deposits.[3]  *See* Compl. ¶ 26.  On January 20, 2020, Fraserview requested the second administrative reviews of the AD/CVD Orders, covering the period from January 1, 2019 to December 31, 2019 (the "Period of Review" or "POR").  *See* Compl. ¶ 27.  On March 10, 2020, Commerce initiated the second administrative reviews of the AD/CVD Orders, including with respect to "752615 B.C Ltd., Fraserview Remanufacturing Inc., d.b.a. Fraserview Cedar Products" in the AD proceedings and with respect to "752615 B.C Ltd., Fraserview Remanufacturing Inc., dba Fraserview Cedar

---

[2] The complaint alleges that Fraserview Remanufacturing Inc. "is a Canadian exporter of softwood lumber, which together with related party 0752615 B.C. Ltd. does business under the commercial name 'Fraserview Cedar Products.'"  Compl. ¶ 5.  The complaint also alleges that "Fraserview is the Foreign Importer of Record for all entries of softwood lumber that it exports to the United States."  *Id.*  The complaint also alleges that all the entries at issue "were imported by Fraserview under its legal name Fraserview Remanufacturing Inc. and identify Fraserview Remanufacturing Inc. as the producer and exporter of the imported merchandise."  Compl. ¶ 22. However, CBP's records identified "752615 B.C Ltd., Fraserview Remanufacturing Inc., dba Fraserview Cedar Products" as the importer of record for these entries.  *See* Bishop Decl. ¶ 8. Defendant does not know the relationship between these entities, however, because the complaint appears to treat these entities interchangeably, for the purposes of the instant motion only, and without prejudice to any future position, the Government has treated Fraserview Remanufacturing Inc. interchangeably with 0752615BC Ltd. Fraserview Remanufacturing.

[3] The complaint alleges that there were 910 entries made in 2019 that are at issue in this litigation.  *See* Compl. ¶¶ 34, 36, 41.  However, there are 830 entries identified in plaintiff's exhibit to the complaint.  *See* ECF 2-1 (attachment to complaint).  In addition, CBP's records reflect that there are 830 entries at issue in Fraserview's protest.  *See* Bishop Decl. ¶ 11 and Attach. 5 (PDF of spreadsheet of entries attached to Fraserview's protest excluding columns containing confidential value and duty amounts).

Products" in the CVD proceedings.[4]  *See* Compl. ¶ 28; *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 13,860, 13,862, 13,868 (Int'l Trade Admin. March 10, 2020).

In April and May 2020, Commerce issued instructions to CBP to liquidate entries of subject merchandise covered by the period of the second administrative reviews unless produced and/or exported by companies that requested a second administrative review.  *See* Decl. of Nicholas Bishop ("Bishop Decl."), Attach. 1, Commerce Message No. 0111401 (April 20, 2020) (liquidation instructions in connection with the second administrative review of CVD Order); Bishop Decl., Attach. 2, Commerce Message No. 0140401 (May 19, 2020) (liquidation instructions in connection with the second administrative review of AD Order).  On May 27, 2021, Commerce published the preliminary results of its second administrative reviews.  *See Certain Softwood Lumber Products From Canada: Preliminary Results of Antidumping Duty Administrative Review*, 86 Fed. Reg. 28,551 (Int'l Trade Admin. May 27, 2021); *Certain Softwood Lumber Products From Canada: Preliminary Results and Partial Rescission of the Countervailing Duty Administrative Review, 2019*, 86 Fed. Reg. 28,556 (Int'l Trade Admin. May 27, 2021).[5]

In December 2021, Commerce published the final results of the second administrative reviews.  *See Certain Softwood Lumber Products From Canada: Final Results of Antidumping*

---

[4] The complaint alleges that "Fraserview's requests for administrative review were made on behalf of two related parties: 0752615 B.C. Ltd., and Fraserview Remanufacturing Inc., which jointly do business as Fraserview Cedar Products."  *See* Compl. ¶ 27.  The Government takes no position at this time concerning the relationship between these entities or which entity requested a review.

[5] In these preliminary results, Commerce gave notice of its intent to rescind the administrative review for certain companies, however, Fraserview was not among those companies listed for which Commerce was rescinding its review.  *See id.* at 28,557.

*Duty Administrative Review; 2019*, 86 Fed. Reg. 68,471 (Int'l Trade Admin. Dec. 2, 2021);

*Certain Softwood Lumber Products From Canada: Final Results of the Countervailing Duty*

*Administrative Review, 2019*, 86 Fed. Reg. 68,467 (Int'l Trade Admin. Dec. 2, 2021).[6]  On

January 5, 2022, Commerce published notices of requests for United States-Mexico-Canada

Agreement (USMCA) Article 10.12 Panel review of the final results of the second administrative

reviews of the AD/CVD Orders.  *See United States-Mexico-Canada Agreement (USMCA),*

*Article 10.12: Binational Panel Review: Notice of Request for Panel Review*, 87 Fed. Reg. 429

(Int'l Trade Admin. Jan. 5, 2022); *United States-Mexico-Canada Agreement (USMCA), Article*

*10.12: Binational Panel Review: Notice of Request for Panel Review*, 87 Fed. Reg. 427 (Int'l

Trade Admin. Jan. 5, 2022).  Commerce sent subsequent messages instructing that CBP continue

suspension of liquidation in light of the USMCA Binational Panel reviewing Commerce's

determinations in the second administrative reviews.  *See* Compl. ¶¶ 32-33.

## II.   CBP's Determination That Fraserview's Entries Had Liquidated

Fraserview entered its 830 entries of softwood lumber between January and December

2019.  *See* Compl. App. I.  At the time of entry, Fraserview paid the relevant cash deposits for

estimated AD and CVD duties and CBP initially suspended liquidation of these entries due to

suspension of liquidation instructions issued by Commerce.  *See* Compl. ¶¶ 25-26.  However, in

implementing instructions from Commerce related to the ongoing second administrative reviews,

---

[6] Commerce published amended final results with respect to the second administrative review of
the CVD order on January 10, 2022 and corrected amended final results of administrative review
with respect to the CVD order on January 25, 2022.  *See Certain Softwood Lumber Products*
*From Canada: Notice of Amended Final Results of the Countervailing Duty Administrative*
*Review, 2019*, 87 Fed. Reg. 1,114 (Int'l Trade Admin. Jan. 10, 2022); *Certain Softwood Lumber*
*Products From Canada: Notice of Amended Final Results of Countervailing Duty Administrative*
*Review; 2019; Correction,* 87 Fed. Reg. 3,767 (Int'l Trade Admin. Jan. 25, 2022).

CBP erroneously determined that the entries at issue had liquidated by operation of law and posted corresponding notices of liquidation.

As described above, Commerce Message Nos. 0111401 and 0140401 provided liquidation instructions in connection with entries covered by the second administrative reviews of the AD/CVD Orders on softwood lumber from Canada, covering the period from January 2019 through December 2019. Issued on April 20, 2020, Message No. 0111401 directed CBP "to liquidate all entries for all firms except those listed in paragraph 3 and assess countervailing duties on merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit or bonding rate in effect on the date of entry[.]" Bishop Decl. Attach. 1, Commerce Message No. 0111401 ¶ 2. Paragraph 3, in turn, instructed CBP to "[c]ontinue to suspend liquidation of all entries of merchandise produced and/or exported by the listed firms entered, or withdrawn from warehouse, for consumption during the period 01/01/2019 through 12/31/2019" and identified "752615 B.C Ltd., Fraserview Remanufacturing Inc., dba Fraserview Cedar Products" among the roughly 170 firms listed. *Id*. at ¶ 3.

Similarly, on May 19, 2020, Commerce instructed CBP through Message No. 0140401 to liquidate entries of merchandise for the firms for which an administrative review of the AD Order for the calendar year 2019 was not requested. *See* Bishop Decl. Attach. 2, Commerce Message No. 0140401 ¶ 2. The message directed CBP "to liquidate all entries for all firms except those listed in paragraph 3 and assess antidumping duties on merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit or bonding rate in effect on the date of entry[.]" *Id.* Paragraph 3, in turn, instructed CBP to "[c]ontinue to suspend liquidation of all entries of merchandise produced and/or exported by the listed firms entered, or withdrawn from warehouse, for consumption during the period 01/01/2019 through 12/31/2019," and

6

identified "752615 B.C. Ltd., Fraserview Remanufacturing Inc., d.b.a. Fraserview Cedar Products" among the roughly 170 firms listed.  *Id*. at ¶ 3.

As described in the attached declaration, Supervisory Import Specialist Nicholas Bishop supervises the CBP personnel involved in implementing Messages No. 0111401 and 0140401, including with regard to Fraserview's 830 entries.  *See* Bishop Decl. ¶¶ 3, 7.  As described in Mr. Bishop's declaration, Message Nos. 0111401 and 0140401 identified "752615 B.C Ltd., Fraserview Remanufacturing Inc., d.b.a. Fraserview Cedar Products" as an entity for which liquidation should be suspended.  *See* Bishop Decl. ¶ 6.  However, "FRASERVIEW REMANUFCTURING INC" was listed in the "Manufacturer Name" and "Foreign Exporter Name" columns in CBP's Automated Commercial Environment (ACE) system for the 830 entries at issue and so CBP personnel marked those entries as ready for liquidation.  *See* Bishop Decl. ¶ 7.  In March 2021, CBP personnel modified the entries in ACE to indicate that the 830 entries had liquidated by operation of law on September 10, 2020, six months after March 10, 2020, the Notice of Lifting of Suspension Date in Message Nos. 0111401 and 0140401.  *See* Bishop Decl. ¶ 9.  CBP posted notices of the deemed liquidations on CBP's Official Notice of Extension, Suspension, and Liquidation website (the "Liquidation Notices") on March 19, 2021. *See* Bishop Decl. ¶ 10.

On June 3, 2021, counsel for Fraserview contacted the CBP Center of Excellence and Expertise for Industrial and Manufacturing Materials (the "IMM Center").[7]  *See* Decl. of Kathy

---

[7] Although the complaint sets forth some of the contents of this email exchange (Compl. ¶¶ 37-41), we include a copy of the correspondence with our motion to dismiss.  Brenske Decl., Attach. 1.  Where a motion to dismiss challenges a complaint's alleged jurisdiction, the Court is not limited to considering the factual allegations in the complaint and "'may review evidence extrinsic to the pleadings.'"  *Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1325 (Ct. Int'l Trade 2018) (internal citation omitted).

Brenske, Attach. 1 (Emails between Fraserview's counsel and CBP).  In this email exchange,

Fraserview's counsel identified two sets of entries: (1) the 830 entries at issue in this litigation

(*i.e.*, entries made in 2019 that were covered by the second administrative reviews of the

AD/CVD orders); and (2) a set of 80 entries that are at issue in Fraserview's complaint filed in

Court. No. 22-00244 (*i.e.*, entries made in 2017 that were covered by the first administrative

reviews of the AD/CVD orders).  *Id.* at 5-6.  Fraserview's counsel requested "assistance in

removing erroneous 'deemed liquidation' designations" for both these sets of entries because

"are properly suspended pursuant to Commerce instructions."  *Id.* at 5.

Senior Import Specialist ("SIS") Kathy Brenske responded to Fraserview's counsel that

she "concur[ed] that the entries were deem[ed] liquidated in error" but that CBP lacked the

authority to make changes to these entries.  *Id*. at 6.  SIS Brenske advised that CBP's

determination that these entries had liquidated could be the subject of a protest within 180 days

of when CBP processed the deemed liquidation, *i.e.*, the date on which CBP posted the

Liquidation Notices on its website.  *Id.*  SIS Brenske further advised that although the date for

filing such a protest had passed for the 80 entries made in 2017, the 180-day period for filing a

protest concerning the 2019 entries had not passed.  *Id.* at 2, 4.  Fraserview then filed a protest

concerning the 830 entries at issue in this case, Protest No. 3009-21-100295, on July 20, 2021.

*See* Bishop Decl., Attach. 4.  Fraserview's protest stated that it:

> [P]rotests the liquidation of certain entries of softwood lumber, on the grounds that the
> liquidations were contrary to instructions by the U.S. Department of Commerce to
> continue suspension of liquidation of the entries.  Specifically, Commerce instructed that
> liquidation remain suspended for entries of softwood lumber produced and/or exported
> by Fraserview in 2019, pending the final outcome of administrative reviews of the
> antidumping and countervailing duty orders for softwood lumber from Canada (A-570-
> 857/C-570-858).  See Commerce Message Nos. 0111401 (April 20, 2020); 0140401
> (May 19, 2020).

*Id.* at 1.  Fraserview also requested that the "protest be suspended until Commerce issues liquidation instructions for 2019 entries of softwood lumber produced and/or exported by Fraserview, and that the protested entries be reliquidated in accordance with such instructions." *Id.*

CBP determined that the protest was filed within 180 days of March 19, 2021, the date on which CBP posted the Liquidation Notices on CBP's Official Notice of Extension, Suspension, and Liquidation website.  *See* Bishop Decl. ¶ 12.  Consistent with Fraserview's request in its protest, CBP, on May 19, 2022, suspended the protest, and the protest remains suspended to date. *Id.*  As a result of this suspended protest, CBP can re-liquidate those 830 entries once appropriate instructions are issued from Commerce.  *Id.*  Despite this suspended protest, Fraserview initiated this case on March 15, 2023, asserting jurisdiction under the Court's residual jurisdiction provision, 28 U.S.C. § 1581(i).[8]

## SUMMARY OF ARGUMENT

Plaintiff cannot establish subject-matter jurisdiction pursuant to 28 U.S.C. § 1581(i).  It is well-settled that 28 U.S.C. § 1581(i), as the Court's residual jurisdiction provision, embodies a residual grant of jurisdiction that may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate.

---

[8] Fraserview has also filed a complaint in Court No. 22-00244 under the CIT's residual jurisdiction provision, 28 U.S.C. § 1581(i).  In Court No. 22-00244, Fraserview challenges the deemed liquidation of 80 entries of softwood lumber made between November 2017 and December 2017.  *See* Court No. 22-00244, ECF No. 10.  The United States' motion to dismiss is pending in that case and oral argument is currently scheduled for October 26, 2023.  *See* Court No. 22-00244, ECF No. 15.

Here, plaintiff challenges CBP's determination that Fraserview's 830 entries had liquidated by operation of law.  Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(i), however, Plaintiff has filed a valid protest in which Fraserview asked CBP to correct the erroneous determination that these 830 entries had liquidated by operation of law and requested that CBP suspend the protest until Commerce issues liquidation instructions covering those entries. Consistent with Fraserview's request, that protest remains suspended.  Once CBP ultimately reaches a determination concerning that protest, if CBP denies the protest, Fraserview will have the opportunity to commence a civil action under 28 U.S.C. § 1581(a) and seek relief from this Court.  However, plaintiff cannot prematurely seek relief from this Court by filing a jurisdictionally deficient action pursuant to 28 U.S.C. § 1581(i).

Plaintiff's position that CBP's determination that the entries at issue had become liquidated by operation of law is not a protestable decision, is without support.  The law instructs that an importer wishing to contest a decision by CBP, including a decision by CBP that entries have liquidated by operation of law, even if that decision is erroneous, can do so by filing a protest with CBP pursuant to section 1514(a).  The U.S. Court of Appeals for the Federal Circuit has directly addressed the question presented by this case and held that an erroneous determination by CBP that certain entries had become liquidated by operation of law and the agency's posting of official notices of liquidations are protestable decisions over which the Court cannot exercise jurisdiction pursuant to § 1581(i).  *See Alden Leeds Inc. v. United States*, 476 F. App'x 393, 400 (Fed. Cir. 2012) (non-precedential) ("*Alden Leeds CAFC*").  Here, Fraserview protested CBP's determination that Fraserview's 2019 entries had liquidated by operation of law and CBP suspended the protest at Fraserview's request.  Once the protest is acted upon Fraserview can challenge any adverse decision as an action under section 1581(a).

Moreover, although plaintiff asserts that it had to file this action pursuant to § 1581(i) to preserve its rights should the Court determine in Court No. 22-00244 that CBP's determination in that case was not a protestable decision, this argument is unavailing. Not only is a protest appropriate and an available avenue for relief in due course, but Fraserview could have also sought accelerated disposition of its protest pursuant to 19 U.S.C. § 1515(b), which would have offered Fraserview a more immediate path for seeking judicial review if CBP denied or failed to decide the protest within 30 days of the mailing of the request for accelerated disposition. Instead, Fraserview requested that its protest be suspended, and the suspended protest will be resolved after Commerce provides liquidation instructions. At that time, CBP may, or may not, resolve the protest in a manner satisfactory to Fraserview, which will obviate the need for an action under 28 U.S.C. § 1581(a). In any event, plaintiff cannot now assert jurisdiction under 28 U.S.C. § 1581(i) as it has an adequate remedy under another jurisdictional provision, § 1581(a). The Court should dismiss this case for lack of subject-matter jurisdiction.

## ARGUMENT

## I.   Standard Of Review

USCIT Rule 12(b)(1) directs dismissal of an action where the Court lacks subject-matter jurisdiction. *See* USCIT Rule 12(b)(1); *see also* USCIT Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject-matter jurisdiction "involves a court's power to hear a case, [and] it can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 627 (2002).

The Court's determination of subject-matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Whether jurisdiction exists is a question of law for the Court. *Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, 938 F.3d 1355, 1360 (Fed. Cir. 2019) (internal citation omitted). When jurisdiction is challenged pursuant

to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Norsk Hydro Canada, Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) ("When the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists[.]").  Where jurisdiction is challenged, factual allegations in the complaint "are not controlling and only uncontroverted factual allegations are accepted as true.'"  *Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1325 (Ct. Int'l Trade 2018) (internal citation omitted).  In resolving "disputed predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings.'"  *Id.*

## II.    The Court Lacks Jurisdiction Over This Action Under 28 U.S.C. § 1581(i)

Section 1581 of Title 28 of the U.S. Code enumerates the Court's jurisdictional bases. *See* 28 U.S.C. § 1581.  Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(i).  *See* Compl. ¶ 9. It is well-settled that 28 U.S.C. § 1581(i), "embodies a 'residual' grant of jurisdiction, and may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (internal citation omitted).

The Federal Circuit has instructed that "[a]n inquiry into § 1581(i) jurisdiction thus primarily involves two questions."  *Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1375 (Fed. Cir. 2019).  First, a court should "consider whether jurisdiction under a subsection other than § 1581(i) was available."  *Id.*  Second, if jurisdiction is or was available under a different subsection of § 1581, the Court "examine[s] whether the remedy provided under that subsection is 'manifestly inadequate.'"  *Id.*  As described in more detail below,

Fraserview has an available jurisdictional avenue pursuant to § 1581(a), and the remedy available under § 1581(a) is not manifestly inadequate.

Because judicial review of protests filed with CBP falls under 28 U.S.C. § 1581(a), Fraserview has an available jurisdictional avenue available under 28 U.S.C. § 1581(a) and it therefore cannot avail itself of jurisdiction under 28 U.S.C. § 1581(i).  The Federal Circuit has instructed that "where a litigant has access to [the Court] under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto."  *Am. Air Parcel Forwarding Co., Ltd. v. United States*, 718 F.2d 1546, 1549 (Fed. Cir. 1983) (citation omitted); *see also Erwin*, 930 F.3d at 1374 ("[A]n 'overly broad interpretation' of § 1581(i) would otherwise 'threaten to swallow the specific grants of jurisdiction contained within the other subsections.'") (internal citation omitted).  As such, the Court should dismiss this case for lack of subject-matter jurisdiction.

## III.   Fraserview Has An Available Jurisdictional Avenue Under 28 U.S.C. § 1581(a)

Jurisdiction under 28 U.S.C. § 1581(a) is or could be available concerning Fraserview's claim.  As described above, plaintiff filed an administrative protest with CBP concerning the 830 entries at issue in this case, and that protest is currently suspended.  Once CBP reaches a determination on the protest, Fraserview can challenge any adverse protest decision in a complaint under the Court's 28 U.S.C. § 1581(a) jurisdiction.   The Court should therefore dismiss this jurisdictionally deficient and premature complaint.

### A.  CBP's Determination that the Entries Had Liquidated by Operation of Law, and its Posting of Official Liquidation Notices Were Protestable Decisions Under 19 U.S.C. § 1514(a)(5)

Section 1581(a) grants the Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a).  "[A] prerequisite to the Court's 28 U.S.C. § 1581(a) jurisdiction is the

filing of a valid protest under the protest statute, 19 U.S.C. § 1514." *Ford Motor Co. v. United States*, 435 F. Supp. 2d 1324, 1330 (Ct. Int'l Trade 2006).  A party wishing to contest a decision by CBP must file a protest within 180 days of "the date of the decision as to which protest is made."  19 U.S.C. § 1514(c)(3); *see also Borusan Mannesmann Boru Sanayi v. Ticaret A.S.*, 578 F. Supp. 3d 1333, 1345 (Ct. Int'l Trade 2022).  CBP's regulations direct that a protest concerning entries liquidated by operation of law, *i.e.*, deemed liquidations, must be filed within 180 days from the date the entries are deemed liquidated.  *See* 19 C.F.R. § 159.9.  The regulations also state that CBP will provide public notice of deemed liquidations on its website, as it did in this case.  *See* 19 C.F.R. § 159.9(c)(2)(i) ("Entries liquidated by operation of law . . . will be deemed liquidated as of the date of expiration of the appropriate statutory period and will be posted on *www.cbp.gov* when CBP determines that each entry has liquidated by operation of law[.]"); Bishop Decl. ¶ 10.

In considering whether an action taken by CBP can be protested under 19 U.S.C. § 1514, the Federal Circuit has directed that the "obligation to protest a Customs classification error . . . turns on whether Customs' classifications of the importers' entries were protestable 'decisions' under 19 U.S.C. § 1514[.]" *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1379 (Fed. Cir. 2022).  19 U.S.C. § 1514(a) identifies categories of decisions by CBP that can be subject to protest, including liquidations by operation of law pursuant to 19 U.S.C. § 1504(d), and provides in relevant part:

> (a) FINALITY OF DECISIONS; RETURN OF PAPERS . . . . [A]ny clerical
> error, mistake of fact, or other inadvertence, whether or not
> resulting from or contained in an electronic transmission, adverse
> to the importer, in any entry, liquidation, or reliquidation, and,
> decisions of the Customs Service, including the legality of all
> orders and findings entering into the same, as to—
> . . .
>> (5) the liquidation or reliquidation of an entry, or
>> reconciliation as to the issues contained therein, or any
>> modification thereof, including the liquidation of an entry,
>> pursuant to either section 1500 of this title or section 1504
>> of this title;
> …
> shall be final and conclusive upon all persons (including the United
> States and any officer thereof) unless a protest is filed in
> accordance with this section, or unless a civil action contesting the
> denial of a protest, in whole or in part, is commenced in the United
> States Court of International Trade[.]

*Id.* The statute therefore directs that a decision protestable under 19 U.S.C. § 1514(a) will

become final unless a protest is filed with CBP, or unless the denial of a protest is challenged at

the Court. *Id.* Here, a protest has been filed, however, "a civil action contesting the denial of a

protest" has not and cannot be filed since CBP has not yet resolved the protest.

Fraserview acknowledges that it filed an administrative protest, however, it alleges that

the Court nevertheless has jurisdiction under 28 U.S.C. § 1581(i) "because CBP's erroneous

designation of the entries as 'deemed liquidated' is not a protestable 'decision' under 19 U.S.C.

§ 1514 and jurisdiction is therefore unavailable under 28 U.S.C. § 1581(a)." Compl. ¶ 2.

Plaintiff alleges that "not all errors are protestable[,] stating that "19 U.S.C. § 1514 authorizes

protests with regard to two categories of errors" — first, "clerical errors, mistakes of fact, or

other inadvertence 'in any entry, liquidation, reliquidation[]'" and second, "'decisions of the

Customs service' with regard to specifically enumerated issues including 'the liquidation or

reliquidation of an entry . . . including the liquidation of an entry, pursuant to . . . section 1504 of

this title.'" Compl. ¶ 11 (citing 19 U.S.C. § 1514(a)). Plaintiff argues there is no error in

liquidation decision under the first category "because the statutory conditions for deemed liquidation do not exist and CBP's designation of the entries as deemed liquidated is therefore without effect[.]" Compl. ¶ 12. As to the second category, Fraserview claims, based on its position that there was no liquidation of the entries at issue, that there is no "decision" within the meaning of 19 U.S.C. § 1514(a) because "decisions made prior to liquidation are generally not protestable." Compl. ¶ 13. Plaintiff further argues that "[w]here suspension of liquidation remains in place, liquidation by operation of law under § 1504 cannot occur, and erroneous notices of deemed liquidation do not cause liquidation to occur; in such cases, therefore, the erroneous notice of deemed liquidation is not subject to protest." *Id.*

These claims miss the mark and impose requirements beyond that identified in 19 U.S.C. § 1514(a). In addition, as described below, there is a long line of Federal Circuit cases holding that liquidation of an entry or a decision by CBP that an entry had liquidated by operation of law, are both protestable under 19 U.S.C. § 1514. Further, the Federal Circuit has extended this line of cases to erroneous determinations that entries had become deemed liquidated. *See, e.g.*, *Alden Leeds CAFC*, 476 F. App'x at 398.

The law is clear that all decisions by CBP concerning liquidation, even when erroneous, are protestable through the mechanism established by 19 U.S.C. § 1514(a). *See, e.g.*, *Carbon Activated Corporation v. United States*, 791 F.3d 1312, 1315 (Fed. Cir. 2015) ("If, however, Customs disregards Commerce's suspension instructions and liquidates the entries, an importer may protest the liquidation pursuant to 19 U.S.C. § 1514."); *Norsk Hydro*, 472 F.3d at 1352 ("A liquidation decision itself is 'final and conclusive' as to all parties . . . unless protested with Customs, and this is so even if the liquidation contains a 'clerical error, mistake of fact, or other inadvertence' adverse to the importer." (citing 19 U.S.C. § 1514(a))); *Shinyei Corp. of Am. v.*

*United States*, 355 F.3d 1297, 1311 (Fed. Cir. 2004) ("Section 1514(a) . . . is fairly construed to prohibit a challenge to 'decisions' of the Customs Service 'as to' liquidation outside the protest provisions of section 1514(a)"); *Belgium v. United States*, 551 F.3d. 1339, 1347 (Fed. Cir. 2009) ("If the liquidation order [from Commerce] is clear, but is being improperly applied by Customs, then Customs's actions can be challenged under 28 U.S.C. § 1581(a)"); *TR Int'l Trading Co. v. United States,* 433 F. Supp. 3d 1329, 1341 (Ct. Int'l Trade 2020) (CBP's "factual or procedural errors" with respect to implementing an AD/CVD order are protestable).  These cases follow the precedent established in *Juice Farms, Inc. v. United States,* 68 F.3d 1344, 1345 (Fed. Cir. 1995), in which the U.S. Customs Service, the predecessor agency to CBP, had erroneously liquidated entries of merchandise despite suspension instruction from Commerce.  The Federal Circuit found that the "admittedly premature liquidations" of entries became final pursuant to 19 U.S.C. § 1514 when the plaintiff failed to protest them because "all liquidations, whether legal or not, are subject to the timely protest requirement."  *Id.* at 1346.

A deemed liquidation under 19 U.S.C. § 1504(d) is likewise a protestable event.  *See Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1360 (Fed. Cir. 2016) ("A deemed liquidation is a protestable event that falls squarely within the ambit of 28 U.S.C. § 1581(a).").  For example, in *Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231 (Fed. Cir. 2007), the Federal Circuit considered whether an importer could protest the liquidation of entries that were deemed liquidated after CBP failed to implement the final results of an administrative review, during which Commerce calculated a lower duty rate for the entries.  *Id.* at 1243.  The Court made clear that "[t]he deemed liquidation of Koyo's ten entries are protestable on the merits[,]" noting that "bulletin notices posted by Customs . . . were notices of deemed liquidations for all ten of Koyo's entries."  The Court concluded that for nine entries "that were

properly protested before Customs, Customs should have applied the final review results to determine the rate of duty owed by Koyo." *Id.* at 1243.  As to the last entry, the Federal Circuit noted that there was an issue of fact as to whether the protest was timely and remanded the case to this Court for consideration of this factual issue.[9]  Notably, the Federal Circuit made clear that there is no distinction between an unlawful actual liquidation and deemed liquidation pursuant to 19 U.S.C. § 1514, in that "[i]f the importer forgoes filing a timely protest, then the deemed liquidation stands and is final against the importer." *Id.*

Likewise, the law is clear that decisions by CBP that entries have liquidated by operation of law, even when those decisions are erroneous, are also protestable decisions.  For example, in *Cemex, S.A. v. United States*, 384 F.3d 1314 (Fed. Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Dec. 14, 2004), the Federal Circuit considered whether CBP's publication of a notice stating that certain entries were deemed liquidated was a protestable decision.  *Id.* at 1316. Commerce conducted an administrative review, and a domestic producer successfully challenged the final results at the Court, ultimately resulting in a judgment that increased the applicable antidumping duty (AD) rate.  *Id.* at 1315.  Commerce then instructed CBP to lift suspension of liquidation and liquidate entries at the higher final rate, however these instructions did not satisfy 19 U.S.C. § 1504(d) because the instructions were issued prior to the deadline for filing a petition for *certiorari* to the U.S. Supreme Court and they were provided by private email to CBP, rather than by public notice.  *Id.* at 1321; *see also* 19 U.S.C. § 1504(d) ("[W]hen a suspension required by statute or court order is removed, the Customs Service shall liquidate the entry, unless liquidation is extended under subsection (b), within 6 months after receiving notice of the removal from the Department of Commerce, other agency, or a court with jurisdiction

---

[9] The parties ultimately settled.  *See* Ct. No. 02-00800, ECF No. 50.

over the entry."). CBP liquidated some entries at the final AD rate in 1998. *Cemex*, 384 F.3d at

1316-17. However, in April 2001, CBP posted a public bulletin notice stating that the remaining

entries had deemed liquidated six months after March 1998 at a lower preliminary duty rate,

rather than the final AD rate. *Id.* A domestic producer filed a complaint concerning the deemed

liquidation entries, but the Court dismissed the case. On appeal, the Federal Circuit held that

Commerce's liquidation instructions were ineffective to trigger the six-month deemed liquidation

period under section 1504(d), but nevertheless that "Customs chose to effect their liquidation by

posting the Bulletin Notices" and that these "actions constitute a 'decision' within the context of

section 1514(a)." *Id.* at 1324-25. As *Cemex* makes clear, CBP's decision in this case that the

entries had become liquidated by operation of law, and the agency's posting of Official

Liquidation Notices, even if erroneous, "fall[] within the ambit of section 1514(a)(5), which

shields such decisions from challenge [if no protest is filed], without regard for their legality."

*Id.* at 1324.

Finally, the Federal Circuit's decision in *Alden Leeds* directly addresses the question

presented by Fraserview's entries by applying the precedents discussed above. That case

involved a situation, like here, where CBP posted a Bulletin Notice of Liquidation that certain

entries of imported merchandise were deemed liquidated despite instructions from Commerce to

continue suspension of liquidation pending the outcome of an administrative review. *See Alden

Leeds CAFC*, 476 F. App'x at 395. The importer failed to protest the posting of the Bulletin

Notice but later sought a refund of the difference between the estimated deposit rate and the final

rate determined in the administrative review. *See id.* at 395. The Federal Circuit relied on

precedents in *Juice Farms* and *Cemex* to hold that an importer faced with an erroneous decision

by CBP that entries have deemed liquidated can protest that decision pursuant to 19 U.S.C.

§ 1504(d).  *See id.* at 400 ("We are bound by the decisions in *Cemex* and *Juice Farms*, and find

that they are dispositive in this case.").  Specifically, the Federal Circuit held that CBP had made

protestable decisions where the agency erroneously determined that certain entries had deemed

liquidated despite an ongoing suspension instruction, and then posted a Bulletin Notice

concerning those liquidations*.  See id.* at 400.  As *Alden Leeds* makes clear, CBP made a

protestable decision under 19 U.S.C. § 1514 concerning Fraserview's 830 entries at issue in this

case.  In deciding that these entries had become liquidated, even if mistaken, and in posting

Official Liquidation Notices, the agency made protestable decisions.  As such, plaintiff here

appropriately protested the deemed liquidation and cannot circumvent the appropriate procedures

for judicial review under 28 U.S.C. § 1581(a)).

The *Alden Leeds* decision also rejected similar arguments to the ones made by plaintiff in

this case, namely that there is no protestable decision because no liquidation occurred.  In *Alden*

Leeds, the trial court held that "Customs' posting of the Bulletin Notice was a legal nullity" and

therefore "Alden Leeds was not required to protest Customs' legally inconsequential Bulletin

Notice."  *Alden Leeds Inc. v. United States*, 34 C.I.T. 1179, 1189 (Ct. Int'l Trade 2010), *rev'd in*

*part, vacated in part*, 476 F. App'x 393 (Fed. Cir. 2012).  However, the Federal Circuit *reversed*

that conclusion.  The Federal Circuit agreed that "the entries were not actually deemed liquidated

by operation of law, because the prerequisites for deemed liquidation had not occurred[.]"  *Alden*

*Leeds CAFC*, 476 F. App'x at 398-99.  Nevertheless, the Federal Circuit concluded that CBP's

"decision to post the Bulletin Notice and decision to treat the entries as liquidated were

protestable decisions under § 1514(a), regardless of their accuracy."  *Id.*  The Federal Circuit

stated that "the mere fact that the entries were not actually deemed liquidated is not controlling,

and does not excuse Alden Leeds' obligation to file a protest."  *Id.*

Plaintiff's suggestion that the error at issue in this case is not protestable also ignores that the purpose of the protest provisions in § 1514 is to give the agency an opportunity to resolve issues, including clerical errors, and to avoid unnecessary judicial intervention.  As the Court has described:

> In creating the § 1514 protest procedure, Congress expressed a preference for administrative protest as a precursor to judicial review. . . . .  Recognizing the import of § 1514, the courts rejected the proposition that, where a Customs decision violated an existing *agency* order, the decision was void and the party was able to bypass the requirements of the protest procedure.  *See United States v. Cherry Hill Textiles, Inc.,* 112 F.3d 1550, 1557 (Fed. Cir. 1997) ("the underlying policy of section 1514 . . . is to channel challenges to liquidations through the protest mechanism")[.]

*Allegheny Bradford Corp. v. United States*, 342 F. Supp. 2d 1162, 1167 (Ct. Int'l Trade 2004). As has been recognized in cases holding that CBP makes a protestable decision when it makes an error in implementing another agency's instructions, the "purpose of the protest mechanism [is] to allow agency consideration of issues after an initial liquidation determination."  *See Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1224 (Fed. Cir. 2018).  The issue in the immediate case highlights exactly the type of efficiency that Congress had in mind in creating this protest procedure, which gives CBP an opportunity to correct errors, like the ones at issue here, if a party acting diligently concerning its entries protests the decision.  In a similar vein, the statute grants Customs with the opportunity to "*sua sponte* reliquidate an entry, including an entry 'deemed liquidated,' within 90 days of its giving notice of the original liquidation to the importer."  *Norsk Hydro*, 472 F.3d at 1352 (citing 19 U.S.C. § 1501).  The statute, by design, avoids involvement by the Court for errors that can be resolved by the agency through the administrative protest mechanism, and reserves judicial intervention only when the agency and aggrieved party have a legitimate dispute concerning the alleged error.  Here there is no legitimate dispute that is ripe for the Court's intervention because CBP acknowledges its error

21

in determining that the entries have liquidated by operation of law and Fraserview has filed a valid protest, which is suspended.

Plaintiff's complaint cites a number of cases, however those cases do not support its position that CBP did not make a protestable decision.  Plaintiff cites *LG Electronics USA, Inc. v. United States*, 991 F. Supp. 668, 676-77 (Ct. Int'l Tr. 1997), in support of its position that "erroneous notices of deemed liquidation do not cause liquidation to occur" and are not subject to protest.  Compl. ¶ 13.  However, *LG Electronics*, does not support this position.  In *LG Electronics*, an importer sought to compel liquidation of more than 50 entries for which the U.S. Customs Service prematurely posted notice of liquidation at the duty rate imposed at entry, despite instructions from Commerce to suspend liquidation pending administrative proceedings and despite the Court's entry of an order enjoining liquidation in subsequent litigation challenging Commerce's AD determination.  *See LG Electronics USA, Inc. v. United States*, 991 F. Supp. 668, 671-72 (Ct. Int'l Trade 1997).  The parties to the Commerce litigation ultimately reached a settlement resulting in AD rates lower than the rates imposed at entry.  *Id.* at 671-72.  Commerce then issued liquidation instructions providing the lower AD rate, however Customs had already liquidated the roughly fifty entries at issue.  LG did not protest the liquidations but then challenged the liquidations before the Court.  *Id.*

The Court divided the entries into three types of liquidation notices generated from Custom's Automated Commercial System (ACS).  The Court determined that the first type of liquidations, the "no change" liquidations, were protestable because they "result[ed] from Customs' employees entering liquidation codes in the ACS[.]"  *Id.* at 673.  The Court further held that "whether legal or illegal, a liquidation not protested . . . becomes final as to all parties."

*Id.* at 674 (citing 19 U.S.C. § 1514; *Juice Farms v. United States*, 18 C.I.T. 1037, 1040 (Ct. Int'l

Trade 1994), *aff'd*, 68 F.3d 1344, 1346 (Fed. Cir. 1995)).

In contrast, the Court determined that the two other types of liquidations, "automatic" and

"deemed" liquidations, were not protestable decisions. *Id.* at 673-76. The Court explained that

the "automatic" and "deemed" liquidation notices were generated automatically by ACS, which

was "programmed to automatically liquidate entries, which are neither suspended nor extended,

in their fiftieth week[.]" *Id.* at 673. Although the entries at issue were suspended, the Court

determined that the "automatic" liquidations occurred because a "programming error led to the

suspension information either not being entered into the computer data base or being entered

improperly." *Id.* at 674. The Court distinguished *Juice Farms* and found that the Federal Circuit

had not discussed liquidation notices that were "triggered automatically by a simple

programming error." *Id.* at 675. The Court reached the same holding concerning the "deemed"

liquidation entries, which resulted from a "computer-generated notice that deemed liquidation

has occurred[.]" *Id.* at 676. In addition, several of the "automatic" liquidation entries and one of

the two "deemed" liquidated entries was subject to a court injunction. *See id.* at 675, 676 fn 16.

Plaintiff's reliance on *LG Electronics* is misplaced. As an initial matter, the liquidations

in *LG Electronics* took place at a time when 19 U.S.C. § 1500 and 19 U.S.C. § 1514(a) described

a decision that was made by an "appropriate customs officer" and the Court emphasized this

language in determining that no "appropriate customs officer" was involved in the liquidations

that occurred by automatic process. *See id.* at 674, fn 8 (noting that section 1500 was

subsequently amended in 1993, to allow "liquidation by the 'Customs Service,' in order to

accommodate increased automation"). A later decision by the Court distinguished *LG*

*Electronics* on this basis and held that "automatic liquidations are protestable under 19 U.S.C.

23

1514, and section 1581(a) is the proper jurisdictional statute." *Morris Costumes, Inc. v. United States*, 465 F. Supp. 2d 1345, 1350 (Ct. Int'l Trade 2006).

In addition, this case is factually indistinguishable from *LG Electronics*. The Court based its holding in *LG Electronics* on the fact that the "automatic" and "deemed" liquidation notices were produced by an automatic procedure. Plaintiff has not alleged that the Liquidation Notices at issue here were produced as a result of some automated error. And, as described above and in the accompanying declaration by Nicholas Bishop, the Liquidation Notices at issue resulted from CBP personnel designating these entries as deemed liquidated while implementing instructions from Commerce concerning the second administrative reviews of the AD/CVD Orders.

Plaintiff also cites *Borusan Mannesmann Boru Sanayi Ve Ticaret AS v. United States*, 578 F.Supp.3d 1333, 1343 (Ct. Int'l Trade 2022) (Compl. ¶ 13), however, in that case, there was no liquidation, and this Court determined that CBP's pre-liquidation decision to not issue an administrative refund for certain duties was not protestable. *Borusan* does not support plaintiff's position that CBP's actions here are non-protestable because in this case, CBP made a determination that the entries had liquidated by operation of law. Plaintiff has offered no support for its position that CBP's decision that the entries at issue was not protestable, and the Court should reject this argument.

### B. The Remedy Available Under Section 1581(a) Is Not "Manifestly Inadequate"

Fraserview's remedy under 28 U.S.C. § 1581(a) is not "manifestly inadequate" and forecloses jurisdiction under 28 U.S.C. § 1581(i). *See Sunpreme*, 892 F.3d at 1191. As explained above, Fraserview has filed a valid protest under section 1514(a)(5) concerning CBP's determination that the 830 entries had liquidated, and that protest is suspended with CBP.

At this time, any legal challenge at the Court pertaining to the 830 entries covered by the protest is premature. 28 U.S.C. § 2636 provides specific procedures by which a party can seek judicial review in connection with an administrative protest. The statute directs that:

> (a)  A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—
>
> > (1) within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act; or
> >
> > (2) within one hundred and eighty days after the date of denial of a protest by operation of law under the provisions of section 515(b) of such Act.

*Id.* Section 515 of the Tariff Act of 1930 describes the potential outcome of a protest, providing that CBP "shall review the protest and shall allow or deny such protest in whole or in part[,]" and will determine whether "any duties, charge, or exaction found to have been assessed or collected in excess shall be remitted or refunded and any drawback found due shall be paid." 19 U.S.C. § 1515(a). The statute also provides that any "[n]otice of the denial of any protest shall be mailed" and "shall include a statement of the reasons for the denial, as well as a statement informing the protesting party of his right to file a civil action contesting the denial of a protest under section 1514 of this title." *Id.*

Here, because Fraserview's protest has been suspended, there has been no final adjudication by the agency of the protest, and no determination has been made by the agency concerning whether any remittance or refund is appropriate. However, 28 U.S.C. § 2636 requires that CBP reach a final determination concerning a protest before a party can seek judicial review related to the protest. In due course, Fraserview's protest may become ripe for judicial review in the event CBP does not grant the relief Fraserview seeks in its protest, *i.e.*,

reliquidation of the entries in accordance with the outcome of the USMCA Binational Panel, and Fraserview will then be free to institute a court action pursuant to section 1581(a).

Plaintiff's complaint does not allege how its pending protest with CBP does not offer an adequate remedy.  A remedy that is manifestly inadequate is "an exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain." *ARP Materials*, 47 F.4th at 1379 (citing *Sunpreme*, 892 F.3d at 1193-94). Because section 1514 provides that a liquidated entry becomes final and conclusive as to all parties including the United States, the filing of a protest prevents the finality of liquidation and CBP will be able to apply Commerce's decision as to the rate if and when Commerce issues liquidation instructions in accordance with the final USMCA Binational Panel.

Applicable guidance by the Federal Circuit directs this Court to construe complaints in accordance with the essential nature of relief sought in the complaint.  *See Sunpreme*, 892 F.3d at 1193 (determining that a party could not assert jurisdiction under § 1581(i) when the essential nature of relief sought was a scope determination, which could then be challenge pursuant to 1581(c)); *see also Norsk Hydro*, 472 F.3d at 1355 ("[W]e look to the true nature of the action in the district court in determining jurisdiction of the appeal.").  The ultimate relief that Fraserview seeks in its complaint is the same ultimate relief that Fraserview requested in its protest; both seek reliquidation of the 830 entries at issue once Commerce issues final liquidation instructions in accordance with the final outcome of the USMCA Binational Panel.  *Compare* Compl., Request for Relief (requesting that the Court "[d]eclare that CBP's designation of the entries at issue as 'deemed liquidated' is *void ab initio* and that the entries remain in suspended liquidation status pursuant to Commerce instructions" and "[o]rder Defendants to re-designate the liquidation status of the entries in question as suspended in ACE, or in the alternative, order

Defendants to liquidate the entries in question pursuant to applicable Commerce instructions when such instructions are issued"), *with* Bishop Decl., Attach. 4 at 1 (requesting that CBP suspend the protest "until Commerce issues liquidation instructions for 2019 entries of softwood lumber produced and or exported by Fraserview and that the protested entries be reliquidated in accordance with such instructions"). Fraserview's requested relief in this case, that its entries be suspended and eventually liquidated pursuant to applicable Commerce instructions when such instructions are issued, is exactly what is being provided with suspension of the protest until Commerce issues its determination.

Despite the pending protest, Fraserview asserts that it brought this case because it has challenged in another case, *Fraserview Remanufacturing Inc. v. United States et al.*, Court No. 22-00244, whether a decision by CBP that entries have become liquidated by operation of law is a protestable decision. *See* Compl. ¶ 4. Fraserview asserts that it filed this case "within the two-year time limit for filing of § 1581(i) actions, in order to preserve Fraserview's right to appeal in the event that protest is determined to be unavailable." *Id.* Fraserview also notes that it "considers CBP's position that the entries were liquidated and could therefore be protested to be incorrect as a matter of law." Compl. ¶ 41. Fraserview further notes that it submitted a protest to CBP due to "instructions from CBP that [Fraserview's] only recourse was the filing of a protest" (Compl. ¶ 41), and that Fraserview has argued in briefings submitted in Court No. 22-00244 that administrative protest "if it were available, is a manifestly inadequate remedy" (Compl. ¶ 45).

These arguments lack merit. As described above, CBP's determination that entries had become liquidated by operation of law, and its posting of Official Liquidation Notices, were protestable decisions under 19 U.S.C. § 1514. The Court should not permit plaintiff's attempts to circumvent the procedures for filing an appeal of an administrative protest because the Federal

Circuit's "'unambiguous precedents. . . make clear that [§ 1581(i)'s] scope is strictly limited,' . . . and that the protest procedure cannot be easily circumvented." *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (internal citation omitted). Moreover, the statutory requirements for filing a challenge under § 1581(a) have not been met. The Federal Circuit has directed that where a statute "specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel Corp. v. United States,* 801 F.2d 1308, 1312 (Fed. Cir. 1986). Because CBP has not made a decision on the protest, "the terms and conditions" for this Court's jurisdiction over this matter have not been satisfied. The liquidation of Fraserview's entries is an issue not yet ripe for consideration by this Court.

In analogous circumstances, decisions of this Court have recognized that a case must be dismissed for lack of subject-matter jurisdiction where it is not filed in accordance with the timelines and procedures provided by statute. For example, in *Bond St., Ltd. v. United States*, 521 F. Supp. 2d 1377 (Ct. Int'l Trade 2007), the Court dismissed a complaint challenging a scope determination for lack of subject-matter jurisdiction where Commerce made a scope determination but had not yet mailed the determination to the plaintiff. *Id.* at 1379 ("[I]f premature, the Court must dismiss the case without prejudice to refiling after Commerce mails a copy of the Scope Determination to the plaintiff.") The Court found that the summons was filed prematurely because 19 U.S.C. § 1516a(a)(2)(A)(ii) specifies that a party may seek judicial review of a scope determination "[w]ithin thirty days after the date of mailing of a determination." *Id.* at 1694-95. Similar to 19 U.S.C. § 1516a(a)(2)(A)(ii), 19 U.S.C. § 1515 provides that "[n]otice of the denial of any protest shall be mailed" and 28 U.S.C. § 2636

provides that absent a request for accelerated disposition, a challenge to the Court may be filed

within 180 days "after the date of mailing of notice of denial of a protest" under 19 U.S.C.

§ 1515(a).  However, CBP has not resolved Fraserview's protest.  Plaintiff cannot circumvent the

statutory prerequisites for filing an action pursuant to § 1581(a), by bringing an action under

§ 1581(i).  To allow otherwise would contravene the law limiting the scope of § 1581(i)'s

residual jurisdiction to cases where plaintiff had no other jurisdictional avenue available for its

claim.

      Moreover, Fraserview could have avoided a potential statute of limitations issue under

28 U.S.C. § 1581(i) by filing a request for accelerated disposition pursuant to 19 U.S.C.

§ 1515(b), which would have sooner ripened its administrative protest for judicial review under

28 U.S.C. § 1581(a).  The procedure for seeking accelerated disposition is described in 19 U.S.C.

§ 1515(b), which provides:

> A request for accelerated disposition of a protest filed in
> accordance with section 1514 of this title may be mailed by
> certified or registered mail to the appropriate customs officer any
> time concurrent with or following the filing of such protest. For
> purposes of section 1581 of title 28, a protest which has not been
> allowed or denied in whole or in part within thirty days following
> the date of mailing by certified or registered mail of a request for
> accelerated disposition shall be deemed denied on the thirtieth day
> following mailing of such request.

*Id.*  Fraserview could have filed a request for accelerated disposition, and within thirty days it

would receive either a decision on its protest or a deemed denial of the protest.  In other words,

19 U.S.C. § 1515(b), permits a party to obtain a response to a protest within thirty days and then

appeal any denial under § 1581(a).  Given this procedural avenue, the relief available to plaintiff

under 28 U.S.C. § 1581(a) is not manifestly inadequate.

Relying on 19 U.S.C. § 1515(b), the Federal Circuit in *Norman G. Jensen, Inc. v. United States*, 687 F.3d 1325, 1326 (Fed. Cir. 2012), rejected similar attempts to file an action pursuant to section 1581(i) actions to preserve appeals rights during a pending administrative process. The plaintiff sought information from CBP concerning protests it filed that were pending with CBP, and when the plaintiff did not obtain the requested information, it initiated an action with the Court pursuant to § 1581(i). The plaintiff said it filed suit to "'preserve its appeal rights[.]'" *Id.* at 1326. However, the Court rejected this position, stating that the plaintiff had an adequate remedy under § 1581(a) because, "were Jensen to file a request for accelerated disposition, within thirty days it would receive either a decision on its protests by Customs or a deemed denial" and that "[e]ither result would suffice to confer jurisdiction in the Court of International Trade under § 1581(a)." *Id.* at 1329-30. The Court concluded that "because Jensen could obtain jurisdiction under § 1581(a), jurisdiction under § 1581(i) does not exist." *Id.* at 1330.

Likewise, in *Hitachi Home Electronics (America), Inc. v. United* States, 704 F. Supp. 2d 1315 (Ct. Int'l Trade 2010), *aff'd*, 661 F.3d 1343 (Fed. Cir. 2011), *reh'g en banc denied,* 676 F.3d 1041 (Fed. Cir. 2012), the Court considered a complaint concerning whether certain imported merchandise was entitled to duty-free treatment under the North American Free Trade Agreement. *Id.* at 1316-17. The plaintiff had filed administrative protests with CBP, however, those protests were still pending. The plaintiff claimed that the Court had jurisdiction under 28 U.S.C. § 1581(a), on the basis that the protest was denied or deemed denied after two years under 19 U.S.C. § 1515(a), or alternatively, under 28 U.S.C. § 1581(i), if jurisdiction did not exist under 28 U.S.C. § 1581(a). *Id.* at 1317. The Court rejected jurisdiction under 28 U.S.C. § 1581(i), stating that 19 U.S.C. § 1515 did not provide the importer with judicial review for CBP's failure to resolve a protest within two years. The Court also rejected jurisdiction under

28 U.S.C. § 1581(a), stating that 19 U.S.C. § 1515(a) did not provide for a deemed denial whereas 19 U.S.C. § 1515(b) provides that a protest is deemed denied if CBP does not act within 30 days of the date of the request for accelerated disposition.  *Id.* at 1321.  The Court concluded that the plaintiff could have filed a request for accelerated disposition of its protest, followed by an appeal to the Court under 28 U.S.C. § 1581(a), but that it lacked jurisdiction under 28 U.S.C. § 1581(a) because the plaintiff had "not complied with the normal jurisdictional procedures, such as requesting accelerated disposition of the protest[.]"  *Id.* 1322.  The Federal Circuit affirmed, determining that jurisdiction under 28 U.S.C. § 1581(i) was not available because the protest was still pending, observing that "Hitachi could have sought accelerated disposition at any time, waited thirty days, and established jurisdiction under § 1581(a)."  *See Hitachi Home Elecs. (Am.), Inc. v. United States*, 661 F.3d 1343, 1350 (Fed. Cir. 2011), *cert denied,* 568 U.S. 1048 (2012).  The Federal Circuit determined that "jurisdiction under § 1581(a) is not 'manifestly inadequate' and jurisdiction under § 1581(i) is improper."  *Id.*; *see also Zojirushi Am. Corp. v. United States*, 180 F. Supp. 3d 1354, 1367 (Ct. Int'l Trade 2016) (determining that the Court lacked jurisdiction under 28 U.S.C. § 1581(i) where the plaintiff could have obtained jurisdiction under 28 U.S.C. § 1581(a) through the accelerated disposition procedure set forth in 19 U.S.C. § 1515(b)).  Nor is delay in waiting for an administrative outcome a reason a jurisdictional avenue is manifestly inadequate.  *See M S Int'l, Inc. v. United States*, 425 F. Supp. 3d 1332, 1336 (Ct. Int'l Trade 2020) ("That judicial review may be delayed by requiring a party to wait for Commerce's final determination in a countervailing duty investigation is not enough to make judicial review under § 1581(c) manifestly inadequate[.]")

Perhaps in recognition of the jurisdictional challenge presented by its pending protest, Fraserview filed a motion requesting that the Court suspend this case and designate Court. No.

22-00244 as a lead case.  *See* Motion to Designate a Test Case, and to Suspend Actions

Thereunder (ECF No. 9).  However, as described in the Government's opposition to that request,

which is being filed simultaneously with this motion, that procedural step cannot cure the defect

in Fraserview's premature and jurisdictionally invalid complaint.  *See, e.g.*, *Hitachi*, 704 F. Supp.

2d at 1322 (dismissing for lack subject-matter jurisdiction a complaint filed prior to CBP's final

resolution of an administrative protest and denying as moot a motion to consolidate and

designate a test case).  The Court should therefore dismiss this case for lack of subject-matter

jurisdiction.

## <u>CONCLUSION</u>

For the foregoing reasons, we respectfully request that the Court grant our motion and

dismiss this case for lack of subject-matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
Assistant Director

/s/ Elisa S. Solomon
ELISA S. SOLOMON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-0583

*Attorneys for Defendant*

Of Counsel:
Sabahat Chaudhary
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection


July 11, 2023

**CERTIFICATE OF COMPLIANCE**

I, Elisa S. Solomon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of the Government's motion to dismiss, dated July 11, 2023, relying on the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the limitation under the Court's chambers procedures, and contains 10,002 words and 32 pages.

/s/ Elisa S. Solomon