## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE TIMOTHY M. REIF

FRASERVIEW REMANUFACTURING INC.,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al*,

    Defendant.

**Court No. 23-00063**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Heather Jacobson
Nakachi Eckhardt & Jacobson, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com

*Counsel for Plaintiff Fraserview Remanufacturing Inc.*

Dated: February 23, 2024

# TABLE OF CONTENTS

I.    Summary Of Argument...................................................................................... 1

II.   Factual  And Procedural Background ............................................................... 4

III.  The Court Ruled In *Fraserview I* That Erroneous Notice Of Deemed Liquidation Is Not A Protestable Decision Where Suspension Of Liquidation Has Not Been Lifted. .......... 7

    A.   Decisions under 19 U.S.C. § 1514(a)(5) are protestable only after liquidation – including deemed liquidation – has actually occurred................................................................ 8

    B.   Deemed liquidation cannot occur until the statutory conditions for deemed liquidation listed in 19 U.S.C. § 1504(d) have occurred............................................................. 11

    C.   "Mistakes of fact" are likewise only protestable at liquidation. ...................................... 13

    D.   Cases cited by Defendant in this case are not relevant to the issue of protestability of an erroneous notice of deemed liquidation. ................................................................... 13

        *1.   Cases regarding protestability of actively liquidated entries are not relevant.* .......... 13

        *2.   Cases regarding protestability of deemed liquidated entries in which deemed liquidation actually occurred are not relevant.* .......................................... 15

        *3.   Cases cited by Defendant to support protest of erroneous deemed liquidation notices are inapposite.* ................................................................................ 16

            a.   Cemex, SA v. United States, 384 F.3d 1314 (Fed. Cir. 2004)................................. 16

            b.   Alden Leeds Inc. v. United States, 476 Fed. Appx. 393 (Fed. Cir. 2012) (nonprecedential opinion) ...................................................................... 17

IV.   The Court's Decision In *Fraserview I* Is Controlling In This Case ........................... 19

V.    Protest 3009-21-100295 Does Not Confer Jurisdiction Under 28 U.S.C. § 1581(A) Because It Is Not A Valid Protest. ................................................................... 21

VI.   Conclusion ................................................................................................ 23

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Acquisition 362, LLC v. United States*, 59 F.4th 1247 (Fed. Cir. 2023)………………………8, 19

*Alden Leeds Inc. v. United States*, 721 F. Supp. 1322 (Ct. Int'l Tr., 2010)…………………..11

*Alden Leeds Inc. v. United States*, 476 Fed. Appx. 393 (Fed. Cir. 2012) ………………..11, 17-19

*Am. Fiber & Finishing, Inc. v. United States*, 121 F. Supp. 3d 1273 (2015)……………………..8

*Belgium v. United States*, 551 F.3d. 1339 (Fed. Cir. 2009)…………………………………14, 15

*Bond St., Ltd. v. United States,* 521 F. Supp. 2d 1377 (Ct. Int'l Trade 2007)…………………...22

*Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States,*
      578 F. Supp. 3d 1333 (2022)………………………………………………………………...3, 8, 21

*Carbon Activated Corporation v. United States*, 791 F.3d 1312 (Fed. Cir. 2015)………………14

*Cemex, SA v. United States*, 384 F.3d 1314 (Fed. Cir. 2004)………………………………...16-17

*Chemsol, LLC v. United States*, 755 F.3d 1345 (Fed. Cir. 2014)……………………………..8, 19

*Chrysal USA, Inc. v. United States*, 853 F. Supp. 2d 1314 (Ct. Int'l Tr. 2012)…………………23

*Flowers v. United States*, 784 F.2d 759 (11th Cir. 1985)………………………………………...21

*Ford Motor Co. v. United States*, 435 F. Supp. 2d 1324 (Ct. Int'l Trade 2006)………………3, 21

*Fraserview Remanufacturing Inc. v. United States*, Court No. 22-00244,
      Slip Op. 24-8 (Ct. Int'l Tr., January 25, 2024)………………………………………………*passim*

*Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364 (Fed. Cir. 2002)………………………..12

*George v. McDonough*, 991 F.3d 1227 (Fed. Cir. 2021)………………………………………...19

*GHS Health Maintenance Org., Inc. v. United States*, 536 F.3d 1293 (Fed. Cir. 2008)………...18

*Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1360 (Fed. Cir. 2016)…….15

*International Customs Products, Inc. v. United States*, 467 F.3d 1324 (Fed. Cir. 2006)…………1

*Juice Farms, Inc. v. United States,* 68 F.3d 1344 (Fed. Cir. 1995)……………………………...14

*Koike Aronson, Inc. v. United States*, 165 F. 3d 906 (Fed. Cir. 1999)…………………………..3, 22

*Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231 (Fed. Cir. 2007)…………………12, 15-16

*LG Electronics USA, Inc. v. United States*, 991 F. Supp. 668 (Ct. Int'l Tr. 1997)………...9-10, 12

*Melamine Chemicals, Inc. v. United States*, 732 F. 2d 924 (Fed. Cir. 1984)……………………18

*Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973 (Fed. Cir. 1994)……………………..21

*Norsk Hydro Canada, Inc. v. United States*, 472 F.3d 1347 (Fed. Cir. 2006)……………….13, 14

*Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023)………………………..19

*Shinyei Corp. of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004)…………………………14

*Sunpreme Inc. v. United States,* 892 F.3d 1186 (Fed. Cir. 2018)…………………………………..21

*Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215 (Fed. Cir. 2018)………………8

*TR Int'l Trading Co. v. United States,* 433 F. Supp. 3d 1329 (Ct. Int'l Tr. 2020)……………….14

*Union Camp Corp. v. United States*, 8 F. Supp. 2d 842 (Ct. Int'l Tr. 1998)……………………..21

*United States v. Am. Home Assurance Co.*, 35 C.I.T. 585 (2011)…………………………………12

*Xerox Corp. v. United States*, 289 F.3d 792 (Fed. Cir. 2002)……………………………………15

## **Statutes**

19 U.S.C. § 1500……………………………………………………………………………10, 12-14

19 U.S.C. § 1504(d)…………………………………………………………………………*passim*

19 U.S.C. § 1514(a)……………………………………………………………………... *passim*

19 U.S.C. § 1514(c)(3)………………………………………………………………..8-9, 17-18

19 U.S.C. § 1515(b)………………………………………………………………………...22

28 U.S.C. § 1581(a)…………………………………………………………………………*passim*

28 U.S.C. § 1581(i)……………………………………………………………………*passim*

Miscellaneous Trade and Technical Corrections Act of 2004, sec. 2103,
118 Stat. 2434 (December 3, 2004)……………………………………………………17, 18

**<u>Regulations</u>**

19 C.F.R. § 159.9(c)(2)……………………………………………………………12, 17, 18

19 C.F.R. § 174.12(e)(2)………………………………………………………………..8-9

**<u>Other</u>**

*Technical Corrections: Matters Subject to Protest and Various Protest Time Limits*,
     76 Fed. Reg. 2573, 2575 (January 14, 2011)………………………………………...18

Plaintiff Fraserview Remanufacturing, Inc. ("Plaintiff" or "Fraserview") herein responds to Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 17 ("Motion to Dismiss"). Fraserview respectfully submits that jurisdiction is available in this case pursuant to 28 U.S.C. § 1581(i), and requests that this Court exercise that jurisdiction to allow the case to be heard on the merits. Fraserview further requests that the Court declare the designation by U.S. Customs & Border Protection ("CBP") of the entries at issue as "deemed liquidated" to be erroneous and without effect, and order Defendant to correct its erroneous designation as to liquidation.

## I.    <u>Summary of Argument</u>

The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1581(i) because the issues raised herein relate to CBP's administration and enforcement with respect to duties, taxes and fees on the import of merchandise. Jurisdiction under § 1581(i) is appropriate because jurisdiction is not available under § 1581(a) or any other jurisdiction provision. *See International Customs Products, Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006).

In *Fraserview Remanufacturing Inc. v. United States*, Court No. 22-00244, Slip Op. 24-8 (January 25, 2024) (hereafter, *"Fraserview I"*), the Court ruled that "decisions…as to…liquidation" described in 19 U.S.C. § 1514(a)(5) are protestable only after liquidation has actually occurred. *Fraserview I* at 17. The Court also found that "a 'mistake of fact' in any entry, liquidation or reliquidation may be protested only after the entry is liquidated." *Id.* at 29. The Court further ruled that entries that are subject to suspension of liquidation cannot become liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) until suspension of liquidation is lifted and notice of lifting of suspension is provided to CBP, and that "a bulletin notice may not effectuate a deemed liquidation under § 1504 while liquidation of the subject entries remains suspended." *Id.* at 19, 21. On the basis of these findings, the Court ruled that the erroneous

1

deemed liquidation notices posted with regard to the entries in that case were not protestable decisions or mistakes of fact, and that therefore jurisdiction was not available pursuant to 28 U.S.C. § 1581(a).  *Id*. at 31.  Accordingly, the Court found that it had jurisdiction over the case pursuant to 28 U.S.C. § 1581(i).  *Id*.

The facts and legal issues of this case are substantively identical to those of *Fraserview I*. The exporter, importer, and imported merchandise are the same.  The contested action of CBP – the posting of bulletin notices of deemed liquidation despite the continued suspension of liquidation of the entries by the Department of Commerce ("Commerce") – is the same.  The claimed basis for jurisdiction (28 U.S.C. § 1581(i)) is the same, and Defendant's argument opposing jurisdiction – that jurisdiction was or could have been available under 28 U.S.C. § 1581(a) – is the same.  As the Court stated in its Memorandum and Order granting stay of this case pending the final disposition of Court No. 22-00244: "Court No. 22-00244 and Court No. 23-00063 concern a common and significant question of law. Specifically, both actions require the court to determine whether the posting of a bulletin notice of deemed liquidation while the liquidation of the subject entries is suspended is a protestable decision under 19 U.S.C. § 1514(a)." Mem. and Order to Stay Proceedings, ECF No. 24.

Because the facts and legal issues in this case are substantively identical to those of *Fraserview I*, the Court's ruling in *Fraserview I* is controlling in this case.  As in *Fraserview I*, the Entries in this case remain unliquidated despite posting of erroneous bulletin notices of liquidation, because they are subject to ongoing suspension instructions from Commerce. Because the entries remain unliquidated, and because this Court has ruled that decisions under 19 U.S.C. § 1514(a)(5) are protestable only after liquidation has actually occurred, the erroneous

2

notices of deemed liquidation posted by CBP with regard to the entries in this case are not protestable.

The only distinction in the facts of this case from *Fraserview I* is that Fraserview filed an administrative protest covering the entries at issue in this case.  However, that protest, filed pursuant to CBP's insistence that administrative protest was not only permitted but was Fraserview's only avenue for relief, is without legal effect because it is not a valid protest and therefore cannot confer jurisdiction on the Court under 28 U.S.C. § 1581(a).  Pursuant to *Fraserview I*, the Entries at issue in this case are not protestable decisions under 28 U.S.C. § 1581(a)(5) or any other subsection of § 1581(a).    The Court of Appeals for the Federal Circuit ("CAFC") has ruled that in order to be reviewable by the Court under 28 U.S.C. § 1581(a), a protest must fall within one of the seven enumerated categories of 19 U.S.C. § 1514(a); if it does not, it does not address a "protestable decision" and consequently does not constitute a "valid protest." *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, 578 F. Supp. 3d 1333, 1340 (2022); *see also Ford Motor Co. v. United States*, 435 F. Supp. 2d 1324, 1330 (Ct. Int'l Trade 2006) ("[A] prerequisite to the Court's 28 U.S.C. § 1581(a) jurisdiction is the filing of a valid protest under the protest statute, 19 U.S.C. § 1514."); *Koike Aronson, Inc. v. United States*, 165 F. 3d 906, 908 (Fed. Cir. 1999).  Consequently, the protest, despite having been recommended, accepted, and suspended by CBP, is invalid and cannot vest the Court with jurisdiction under § 1581(a).

Accordingly, the jurisdiction is not available under 28 U.S.C. § 1581(a) in this case, and jurisdiction under 28 U.S.C. § 1581(i) is therefore appropriate.

## II.    **Factual and Procedural Background**

The facts of this case are not in dispute.  In 2019, Fraserview entered 830 entries of softwood lumber from Canada (hereafter, "Entries")[1] as Type 03 entries subject to antidumping and countervailing duty ("AD/CVD") orders A-122-857 and C-122-858, and paid the applicable antidumping duty cash deposits on the Entries.  At entry, liquidation of the Entries was suspended pursuant to Commerce instructions.

In April 2020, as a result of Fraserview's timely requests for administrative review for the period of review covering the Entries, Commerce issued instructions to CBP to continue suspension of liquidation of the Entries pending completion of the administrative reviews.  *See* Bishop Decl. Attach. 1, ECF No. 18-1 (Commerce Message No. 0111401 (April 20, 2020)); Bishop Decl. Attach. 2, ECF No. 18-2 (Commerce Message No. 0140401 (May 19, 2020)).  Upon the filing of requests for USMCA Article 10.12 Panel Reviews of the final administrative review determinations, Commerce issued additional instructions for CBP to continue suspension of liquidation of the Entries pending a final decision from the USMCA Bi-National Panel.  *See* Attachment 1 (Commerce Message No. 2059401 (February 28, 2022)); Attachment 2 (Commerce Message No. 2075474 (March 16, 2022)).  Commerce has not issued instructions lifting suspension of liquidation of the Entries; accordingly, liquidation remains suspended with regard to the Entries.

On March 19, 2021, CBP changed the designation of the Entries in ACE and on its public website from "suspended" to "deemed liquidated," and listed the date of deemed liquidation as September 10, 2020, despite the fact that suspension of liquidation had not been lifted and

---

[1] In its Complaint, Fraserview incorrectly stated that 910 entries are at issue in this case.  *See* Complaint, ECF No. 2, at ¶ 34.  This inadvertent error was caused by the accidental inclusion of an additional 80 entries, which were the subject of a separate case in *Fraserview Remanufacturing Inc. v. United States*, Court No. 22-00244.  Appendix I to the Complaint correctly lists the 830 entries that are the subject of this case.  *Id*. at Appendix I.

4

therefore liquidation by operation of law could not have taken place.  *See* Bishop Decl. Attach. 3, ECF No. 18-3 (deemed liquidation notices for the Entries as posted on CBP's Official Notice of Extension, Suspension, and Liquidation website).  Defendant does not dispute that suspension instructions covering the Entries remained in place as of both September 10, 2020 and March 19, 2021, and that CBP's designation of the Entries as deemed liquidated was incorrect.

On June 7, 2021, CBP expressly acknowledged that the Entries "were deem [sic] liquidated in error."  *See* Brenske Decl. Attach. 1, ECF No. 19-1, at 5.  However, CBP asserted that because it considered the entries liquidated, Fraserview's only recourse was file a timely protest.  *Id*.  Initially, CBP stated that the protest deadline was 180 days from the date of deemed liquidation listed in the ACE record – that is, September 10, 2020 – and that therefore the Entries were past the deadline for protest.  *Id*.  Subsequently, on June 8, 2021, CBP asserted that the Entries could be protested within 180 days from the date that the erroneous notice of deemed liquidation was posted – that is, March 19, 2021.  *Id*. at 3.

In response to CBP's assertion that protest was its only avenue for relief, Fraserview filed Protest 3009-21-100295 on July 21, 2021 to protest the alleged deemed liquidation of the Entries.  The protest was suspended on May 19, 2022.

On August 23, 2022, Fraserview filed a summons and complaint in Court No. 22-00244, *Fraserview Remanufacturing Inc. v. United States*. *See Fraserview I* at 8. In that case, Fraserview contested the designation of 80 2017 entries of softwood lumber ("2017 Entries") as "deemed liquidated" while the 2017 Entries remained subject to Commerce instructions to suspend liquidation.  *Id*. at 1-2.  Fraserview asserted jurisdiction pursuant to 28 U.S.C. § 1581(i), on the grounds that protest was unavailable as no liquidation – deemed or actual – had occurred. *Id*. at 2, 12.  Defendant moved to dismiss the case for lack of subject matter jurisdiction, on the

grounds that protest was available as a remedy and not manifestly inadequate. *Id*. at 3, 12.

Following briefing and oral arguments, the Court issued a final dispositive opinion on January

25, 2024, in which it ruled that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i)

because the 2017 Entries remained unliquidated and protest was therefore unavailable. *Id*. at 32.

The Court denied Defendant's motion to dismiss, granted Fraserview's request for a declaratory

judgment that the designation of its entries as deemed liquidated is null and void, and ordered

Defendant to correct the liquidation status of the 2017 Entries in accordance with Commerce

instructions. *Id*. at 33.

Fraserview filed a summons and complaint in the instant case on March 15, 2023,

asserting jurisdiction pursuant to 28 U.S.C. § 1581(i). *See* Summons, EF No. 1; Complaint, ECF

No. 2.  On May 2, 2023, Fraserview filed a motion to designate Court No. 22-00244 as a test

case and to suspend the instant case thereunder. *See* Plaintiff's Mot. To Designate a Test Case,

ECF No. 9.

On July 11, 2023, Defendant filed its Motion to Dismiss the instant case for lack of

subject matter jurisdiction.  *See* Motion to Dismiss, ECF No. 17.

On August 4, 2023, Fraserview filed a motion for extension of time to respond to

Defendant's Motion to Dismiss, in which it requested that the Court extend the time for

Fraserview to file its response until 30 days after the Court rules on Plaintiff's Motion to

Designate a Test Case.  *See* Plaintiff's Mot. For Extension, ECF No. 21.  The Court granted the

requested extension in an order dated August 7, 2023.  *See* Order Granting Extension, ECF No.

22.

On January 23, 2024, the Court denied Plaintiff's Motion to Designate a Test Case on the

grounds that such designation is not available in an action asserting jurisdiction under 28 U.S.C.

§ 1581(i).  *See* Mem. and Order to Stay Proceedings, ECF No. 24.  Instead, the Court ordered

that proceedings in the instant case were stayed pending final disposition of Court No. 22-00244.

As explained by the Court:

> Court No. 22-00244 and Court No. 23-00063 concern a common and significant
> question of law.  Specifically, both actions require the court to determine whether
> the posting of a bulletin notice of deemed liquidation while the liquidation of the
> subject entries is suspended is a protestable decision under 19 U.S.C. § 1514(a).

*Id*. at 2.

The Court ordered that Plaintiff file its response to Defendant's Motion to Dismiss in this

case no later than 30 days after the final disposition in Court No. 22-00244. *Id*. at 2-3. Final

disposition of Court No. 22-00244 occurred with the publication of Slip Op. 24-8 on January 25,

2024. *See Fraserview I.*

### III.    The Court Ruled in *Fraserview I* That Erroneous Notice of Deemed Liquidation is Not a Protestable Decision Where Suspension of Liquidation Has Not Been Lifted.

In *Fraserview I*, the Court ruled that decisions under § 1514(a)(5) with respect to

liquidation are only protestable after liquidation has actually occurred, and that erroneous notices

notwithstanding, the 2017 Entries were not deemed liquidated (or liquidated at all) because the

statutory conditions for deemed liquidation had not yet been satisfied.  *Fraserview I* at 17-19.

Accordingly, the Court ruled that the posting by CBP of erroneous notices of deemed liquidation

"while liquidation of the subject entries remained suspended was not a protestable decision under

19 U.S.C. § 1514(a)."  *Id.* at 12.  On the basis of that decision, the Court held that jurisdiction

under 28 U.S.C. § 1581(a) "was not, nor could it have been, available," and found that

jurisdiction properly existed pursuant to 28 U.S.C. § 1581(i).  *Id.*

**A. Decisions under 19 U.S.C. § 1514(a)(5) are protestable only after liquidation – including deemed liquidation – has actually occurred.**

In *Fraserview I*, the Court held that "decisions of the Federal Circuit and this Court demonstrate that decisions under § 1514(a)(5) are protestable only after liquidation has actually occurred." *Fraserview I* at 17 (*citing Chemsol, LLC v. United States*, 755 F.3d 1345, 1353 (Fed. Cir. 2014); *Acquisition 362, LLC v. United States*, 59 F.4th 1247, 1249 (Fed. Cir. 2023); *Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1222 (Fed. Cir. 2018); *Borusan Mannesmann*, 578 F. Supp. 3d 1333, 1344; *Am. Fiber & Finishing, Inc. v. United States*, 121 F. Supp. 3d 1273, 1286 (2015)).

The Court also noted that the language of 19 U.S.C. § 1514(c)(3) and CBP's implementing regulations "demonstrate that the date that triggers the protest window for a deemed liquidation under § 1514(a)(5) is the date of liquidation." *Fraserview I* at 24. 19 U.S.C. § 1514(c)(3) provides that a protest shall be filed "within 180 days after but not before (A) date of liquidation or reliquidation, or (B) **in circumstances where subparagraph (A) is inapplicable**, the date of the decision as to which protest is made." 19 U.S.C. § 1514(c)(3) (emphasis added). Under the plain language of the statute, therefore, the default procedure is that the protest window begins with the date of liquidation or reliquidation, and the date of the "decision" can only trigger the start of the protest period where the date of liquidation or reliquidation is "inapplicable." *Id*. CBP regulations interpret the statutory language "circumstances where subparagraph (A) is inapplicable" as applying to decisions "involving neither a liquidation nor reliquidation." *See* 19 C.F.R. § 174.12(e)(2). The Court ruled in *Fraserview I* that because a "decision…as to…the liquidation of an entry" under § 1514(a)(5) "necessarily 'involv[es]' a liquidation," subparagraph (B) of § 1514(c)(3) "cannot apply" to protests brought under § 1514(a)(5). *Fraserview I* at 24-25. Therefore, because the protest

window for a protest under § 1514(a)(5) does not, pursuant to § 1514(c)(3), commence until the

date of liquidation, a decision described in § 1514(a)(5) cannot be protestable prior to

liquidation.

The Court further noted that the categories of decisions specifically listed in 19 C.F.R. §

174.12(e)(2) for which the date of the decision triggers the protest window "coincides with

certain enumerated categories of decisions in § 1514(a) — none of which involves a liquidation

— but excludes § 1514(a)(5), the category of protestable decisions on which defendant relies."

*Fraserview I* at 26 (citing 19 C.F.R. § 174.12(e)(2)).  The Court found that "[t]he omission of §

1514(a)(5) from the list of categories of decisions that can be protested from the 'date of the

decision' demonstrates that Customs interprets § 1514(c)(3) to provide that a decision as to

liquidation pursuant to § 1514(a)(5) may be protested only 'after but not before' the date of

liquidation."  *Id*. (citing 19 U.S.C. § 1514(c)(3)(A)).

Prior to *Fraserview I*, the Court expressly ruled on two occasions that erroneous notice of

deemed liquidation is not protestable where deemed liquidation has not actually occurred.  First,

in *LG Electronics USA, Inc. v. United States*, 991 F. Supp. 668 (Ct. Int'l Trade 1997), the Court

found that in cases where erroneous notices of deemed liquidation were posted but the statutory

conditions for deemed liquidation specified in 19 U.S.C. § 1504 had not occurred, protest was

not available because deemed liquidation had not occurred and therefore the statutory and

regulatory prerequisites for protest had likewise not occurred.  *LG Electronics* at 676-677.

Defendant seeks to distinguish *LG Electronics* from the instant case by claiming that the

erroneous deemed liquidation notices in that case "were produced by an automatic procedure,"

and that the automatic nature of the notices was the reason that the Court ruled that the notices

were not protestable. Motion to Dismiss at 24. However, this is a significant misrepresentation of the Court's reasoning in *LG Electronics*.

In *LG Electronics*, the Court considered the protestability of three categories of alleged illegal liquidations: "no change" manual liquidations, "automatic" liquidations, and "deemed" liquidations. *See LG Electronics*, 991 F. Supp. at 672-73. The Court ruled that the "automatic liquidations" were not protestable because they did not involve a decision by an "appropriate customs officer," as was required by the version of 19 U.S.C. § 1500 in effect at the time. *Id.* at 674-76. Defendant attempts to argue that the Court used the same reasoning to determine that the deemed liquidation notices were not protestable. *See* Motion to Dismiss at 24. This is incorrect. Although the Court noted that the deemed liquidation notices were "computer generated," this was patently not the reason the Court gave for finding that that the deemed liquidation notices did not constitute protestable decisions. *LG Electronics*, 991 F. Supp. at 676. Rather, the Court stated that deemed liquidation pursuant to 19 U.S.C. 1504(a) "can only occur by operation of law," and that "erroneous notice cannot create a deemed liquidation." *Id*. The manner in which the erroneous notices were issued was not material; the Court's decision was based entirely on the fact that the statutory conditions for deemed liquidation had not yet occurred. Accordingly, the Court ruled with regard to the supposedly deemed liquidated entries that "as the statutory period for protest never began to run, plaintiff may bring suit under 28 U.S.C. § 1581(i)." *Id*. at 677. *See also, Fraserview I* at 20, fn 11 (noting with regard to *LG Electronics* that "the court's concern with automatically generated liquidation notices applied only to its reasoning concerning a different set of liquidation notices, which the court labeled 'automatic liquidations' and which are not relevant to the instant action. As for the 'deemed liquidation' notices, the court concluded that the deemed liquidation notices were not protestable

because 'liquidation was suspended.' Therefore, 'as a matter of law, no deemed liquidation . . . occurred.'").

The Court also expressly found erroneous notices of deemed liquidation to be non-protestable in *Alden Leeds Inc. v. United States*, 721 F. Supp. 2d 1322 (Ct. Int'l Trade, 2010) ("*Alden Leeds I*"), *rev'd Alden Leeds Inc. v. United States*, 476 Fed. Appx. 393 (Fed. Cir. 2012) (nonprecedential opinion) ("*Alden Leeds II*").  In that case, CBP posted bulletin notices of deemed liquidation "[d]espite Commerce's suspension of liquidation and despite having received clear instructions from Commerce that plaintiff's entries were not to be liquidated."  *Alden Leeds I* at 1326.  The Court noted that pursuant to 19 U.S.C. § 1514(a)(5), "only 'liquidation[s]' may be the subject of protests," and ruled that since "no argument can be advanced to support a claim that a deemed liquidation did, in fact, occur," that no protest of the erroneous deemed liquidation notice was required and therefore judicial review pursuant to 19 U.S.C. § 1514(a) was unavailable.  *Id.* at 1332.  Although the CAFC reversed the Court's ruling in *Alden Leeds II*, it did so in a non-precedential decision that this Court found in *Fraserview I* to be unpersuasive and inapposite.  *See Fraserview I* at 26; *see also* Section III.D.3.b, *infra* at 17.

### B. Deemed liquidation cannot occur until the statutory conditions for deemed liquidation listed in 19 U.S.C. § 1504(d) have occurred.

Second, the Court held in *Fraserview I* entries that are subject to suspension of liquidation cannot become liquidated by operation of law pursuant to 19 U.S.C. § 1504(d) unless suspension of liquidation is lifted and notice of lifting of suspension is provided to CBP. *Fraserview I* at 19 ("By statute and regulation, liquidation by operation of law cannot occur while the suspension of liquidation is still in place — which it was in this case — and unless Commerce has notified Customs that the suspension of liquidation has been lifted — which Commerce did not do in this case.").  Accordingly, the Court concluded that because Commerce

had instructed CBP specifically that the subject entries were to remain suspended, the statutory requirements for deemed liquidation under §1504(d) were not met, and therefore "plaintiff's entries were never liquidated."  *Id.* at 19 (*citing Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364, 1376 (Fed. Cir. 2002); *Koyo Corp. of U.S.A. v. United States*, 497 F.3d 1231, 1235-36 (Fed. Cir. 2007).

The Court found this conclusion to be consistent with its prior holdings with regard to deemed liquidation.  *Id.* at 19-20; *see also LG Electronics*, 991 F. Supp. at 676-77 (finding that where CBP issued erroneous notices of deemed liquidation for entries subject to valid suspension instructions, the statutory period for protest never began to run because "erroneous notice cannot create a deemed liquidation."); *United States v. Am. Home Assurance Co.*, 35 C.I.T. 585, 591 (2011) ("[A] deemed liquidation cannot occur while a suspension of liquidation is in place, and…Customs has no authority to effect a deemed liquidation.").

The Court further noted that CBP's own regulations "make clear" that "a bulletin notice may not effectuate a deemed liquidation under § 1504 while liquidation of the subject entries remains suspended."  *Id.* at 21.  With regard to liquidation pursuant to 19 U.S.C. § 1500, 19 C.F.R. § 159.9(c)(1) "causes liquidation to occur and sets the date on which liquidation does occur."  *Id.* at 22; *see also* 19 C.F.R. § 159.9(c)(1).  With regard to deemed liquidation pursuant to 19 U.S.C. § 1504(d), however, 19 C.F.R. § 159.9(c)(2) provides that deemed liquidation is to occur at the expiration of the "appropriate statutory period" under § 1504.  *Fraserview I* at 22-23; *see also* 19 C.F.R. § 159.9(c)(2).  This difference between the regulatory provisions covering actual versus deemed liquidation clearly recognize that notice of deemed liquidation does not and cannot cause deemed liquidation to occur; only occurrence of the statutory conditions specified in 19 U.S.C. § 1504(d) will cause deemed liquidation to occur.

12

**C.  "Mistakes of fact" are likewise only protestable at liquidation.**

In the instant case, Defendant rests its argument that jurisdiction is available under 28 U.S.C. § 1581(a) solely on the basis of its assertion that the erroneous notices of deemed liquidation constitute "decisions…as to…the liquidation or reliquidaton of an entry" pursuant to 19 U.S.C. § 1514(a)(5).  Defendant has not alleged that the erroneous notices are protestable as a mistake of fact.  *See* Motion to Dismiss.  Nevertheless, Fraserview notes that the Court has ruled that "a 'mistake of fact' in any entry, liquidation or reliquidation may be protested only after the entry is liquidated."  *Fraserview I* at 29 (citing *Norsk Hydro Canada, Inc. v. United States*, 472 F.3d 1347, 1352 (Fed. Cir. 2006)).  Because the entries at issue in this case remain unliquidated, any mistakes of fact that may have occurred with regard to the entries are not subject to protest.

**D.  Cases cited by Defendant in this case are not relevant to the issue of protestability of an erroneous notice of deemed liquidation.**

Cases cited by Defendant in support of its position that the subject Entries are protestable are inapposite to this case.  The majority of such cases address the protestability of entries for which liquidation pursuant to either 19 U.S.C. § 1500 or § 1504 has *actually occurred*, and therefore are irrelevant to the question of whether protest is available regarding erroneous notice of deemed liquidation for entries that remain unliquidated.  Those cases cited by Defendant that do address the protestability of erroneous or defective notices of deemed liquidation were expressly found by this Court to be inapposite in *Fraserview I*.

*1.  Cases regarding protestability of actively liquidated entries are not relevant.*

First, Defendant cites various cases in support of the assertion that "all decisions by CBP concerning liquidation, even when erroneous, are protestable."  *See* Motion To Dismiss at 16

(citing *Carbon Activated Corporation v. United States*, 791 F.3d 1312, 1315 (Fed. Cir. 2015);

*Norsk Hydro,* 472 F.3d at 1352; *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1311

(Fed. Cir. 2004); *Belgium v. United States*, 551 F.3d. 1339, 1347 (Fed. Cir. 2009); *TR Int'l*

*Trading Co. v. United States,* 433 F. Supp. 3d 1329, 1341 (Ct. Int'l Trade 2020).  Defendant

claims that the cited cases follow precedent established in *Juice Farms, Inc. v. United States,* 68

F.3d 1344, 1345 (Fed. Cir. 1995).  *Id.* at 17.  However, the Court in *Fraserview I* determined that

the Federal Circuit's ruling in *Juice Farms* is not relevant to the issue of entries that were

erroneously designated as deemed liquidated:

> In *Juice Farms*, it is true that the Federal Circuit determined that the decision to
> liquidate the entries in question while suspension of liquidation was in place was a
> protestable decision. However, the entries in that case were in fact liquidated in
> accordance with 19 U.S.C. § 1500. Section 1500 concerns manual liquidation.
> Unlike 19 U.S.C. § 1504, which covers the purported deemed liquidation at issue
> in this case, § 1500 imposes no requirement that suspension be removed or that
> Customs receive notice of such removal for liquidation to occur. In the instant case,
> the suspension of liquidation remained in place and, therefore, none of the statutory
> requirements for deemed liquidation was satisfied. See 19 U.S.C. § 1504(d). For
> this reason, Juice Farms is inapposite to the instant case.

*See Fraserview I* at 15 (internal citations omitted).

The other cases cited by Defendant as following *Juice Farms* precedent are likewise

inapposite.  *Carbon Activated Corp.*, *Shinyei Corp.*, and *TR Int'l Trading*, like *Juice Farms*, all

address the protestability of actively liquidated entries, and are therefore inapposite for the same

reason as *Juice Farms.  See Carbon Activated Corp.*, 791 F.3d at 1315; *Shinyei Corp.*, 355 F.3d

at 1311; *TR Int'l Trading Co.,* 433 F. Supp. 3d at 1341.  *Norsk Hydro* addresses a case in which

all of the statutory conditions for deemed liquidation were satisfied and deemed liquidation

actually occurred; because the conditions for deemed liquidation have not occurred in this case,

*Norsk Hydro* is not relevant here.  *Norsk Hydro*, 472 F.3d at 1352-53; *see also* Section II.D.2,

*infra* at 15.

*Belgium v. United States* is entirely unrelated to the case at hand, being a case brought under 28 U.S.C. § 1581(i) to challenge the liquidation instructions issued by Commerce in enforcement of an administrative review final determination, and not to challenge CBP's implementation or enforcement thereof.  The quotation Defendant included in its citation to *Belgium*[2] comes from a general summary by the CAFC of the various methods for challenging the imposition of antidumping duties.  *See Belgium*, 551 F.3d at 1347.  The CAFC in *Belgium* cited *Xerox Corp. v. United States*, 289 F.3d 792, 795 (Fed. Cir. 2002) in support of the quoted statement; in *Xerox*, CAFC ruled that an importer was entitled to protest the liquidation of an entry as subject to antidumping duties when the product at issue was clearly "facially outside the scope of the antidumping duty order" – an issue unrelated to the case at hand.  *Id.; Xerox*, 289 F.3d at 795.

### 2. *Cases regarding protestability of deemed liquidated entries in which deemed liquidation actually occurred are not relevant.*

Second, Defendant cites several cases in support of its position that "[a] deemed liquidation under 19 U.S.C. § 1504(d) is…a protestable event." Motion To Dismiss at 17 (*citing Koyo*, 497 F.3d 1231; *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1360 (Fed. Cir. 2016)). Fraserview agrees that where deemed liquidation has actually occurred, protest under § 1514(a)(5) is available, and further agrees that *Koyo* and *Hutchison*, which addressed entries for which deemed liquidation had actually occurred, stand for this position.  However, in the instant case as in *Fraserview I*, deemed liquidation has not occurred, because the statutory conditions therefor have not been satisfied.  In *Fraserview I* therefore, the Court dismissed *Koyo* as inapposite because in *Koyo*, "the statutory conditions for deemed liquidation were satisfied;

---

[2] "If the liquidation order [from Commerce] is clear, but is being improperly applied by Customs, then Customs's actions can be challenged under 28 U.S.C. § 1581(a)." Motion To Dismiss at 16-17, quoting *Belgium*, 551 F.3d. at 1347.

therefore, the entries had actually deemed liquidated. As noted, neither was true in this case." *Fraserview I* at 21, fn 12. Because *Hutchison* likewise addresses the case of entries for which deemed liquidation actually occurred, it too has no bearing on the protestability of an erroneous notice of deemed liquidation, where the entry in question remains unliquidated because the § 1504(d) conditions for deemed liquidation are not met.

### 3. *Cases cited by Defendant to support protest of erroneous deemed liquidation notices are inapposite.*

In *Fraserview I*, the Court expressly ruled that several cases cited by Defendant as supporting the contention that an erroneous notice of liquidation is protestable under 19 U.S.C. § 1514(a)(5) are inapposite or otherwise not persuasive.

### a. *Cemex, SA v. United States,* 384 F.3d 1314 (Fed. Cir. 2004)

First, the Court found *Cemex* to be inapposite to the issue at hand. *Fraserview I* at 15. In *Cemex*, the CAFC considered a case in which suspension of liquidation was lifted and liquidation instructions were issued to CBP, but in which the liquidation instructions were not posted publicly and were issued prior to the date suspension was actually lifted. More than two years later, CBP posted notice that certain entries of merchandise had become deemed liquidated six months after the date of the liquidation instructions. The CAFC ruled that because the notice was premature and nonpublic, it did not trigger the deemed liquidation time period under § 1504(d), but ruled that the notice of deemed liquidation nevertheless constituted a protestable decision.

The Court in *Fraserview I* found the situation in *Cemex* to be factually distinguishable: whereas the 2017 Entries at issue in *Fraserview I* remained suspended and no notice of lifting of suspension had been issued to CBP by Commerce, in *Cemex* suspension of liquidation was actually lifted, and CBP did actually receive notice of lifting of suspension, even if such notice

16

was premature and not made public. *Fraserview I* at 15. Moreover, the Court emphasized that *Cemex* was decided pursuant to a different version of § 1514(c)(3)(A) and accompanying regulations than are applicable to the entries at issue in *Fraserview I* or the instant case. *Id*. The version of § 1514(c)(3)(A) that the CAFC applied in *Cemex* specified that protest must be filed within 90 days from the **date of notice of liquidation**, whereas the version of § 1514(c)(3)(A) that applies to the entries in *Fraserview I* and the instant case specifies that protest must be filed within 180 days from the **date of liquidation**. *See* 19 U.S.C. § 1514(c)(3)(A) (2000); 19 C.F.R. § 159.9(c)(2)(iii) (2003) (requiring protest within 90 days of the posting of notice of deemed liquidation); Miscellaneous Trade and Technical Corrections Act of 2004, sec. 2103, § 1514(a), 118 Stat. 2434 (December 3, 2004) ("MTTCA") (amending § 1514(c)(3)(A) to change "notice of liquidation" to "date of liquidation."). As the Court stated in *Fraserview I*:

> This distinction is critical also in the instant case because the suspension of liquidation was still in place; therefore, deemed liquidation never actually occurred. As such, whether there may have been an actual notice of liquidation, there never was a date of liquidation as the current statute requires. It follows that the 180-day requirement under § 1514(c)(3)(A) does not apply in this case. Consequently, *Cemex* is inapposite also because the current version of § 1514 requires protest only after an entry has actually deemed liquidated.

*Fraserview I* at 16-17.

> b. *Alden Leeds Inc. v. United States,* 476 Fed. Appx. 393 (Fed. Cir. 2012) (nonprecedential opinion)

Second, the Court found the Defendant's reliance on the CAFC's non-precedential opinion in *Alden Leeds* in its Motion to Dismiss in Court No. 22-00244 to be unavailing. *Fraserview I* at 26. In a non-precedential decision, the CAFC in *Alden Leeds II* ruled that an erroneous 2008 bulletin notice of deemed liquidation was a protestable decision. The Court held in *Fraserview I* that the *Alden Leeds II* decision failed to address the amendments to 19 U.S.C. § 1514(c)(3)(A) and 19 C.F.R. § 159.9(c)(2)(iii). *Id*. The MTTCA changed the triggering event

for protest under § 1514(c)(3)(A) from "date of notice of liquidation" to "date of liquidation;"

the latter time frame was applicable to the entries in question in *Alden Leeds II*.[3]  The CAFC in

*Alden Leeds* acknowledged that deemed liquidation had not actually occurred; as such, no "date

of liquidation" could have occurred.  *See Alden Leeds II*, 476 Fed. Appx. 393, 400 ("[T]he

entries were not actually deemed liquidated by operation of law, because the prerequisites for

deemed liquidation had not occurred.").  In this context, the failure to address how protest could

be made pursuant to § 1514(c)(3)(A), which specified that the protest window did not commence

until date of liquidation, is significant.  The Court further noted in *Fraserview I* that "more

---

[3] Despite the change in statutory language having taken place in December 2004, CBP failed to update its regulations to bring them into conformity with the MTTCA until January 2011.  *See* CBP, *Technical Corrections: Matters Subject to Protest and Various Protest Time Limits*, 76 Fed. Reg. 2573, 2575 (January 14, 2011).  In the Federal Register notice of the final rule implementing the regulatory amendments, CBP acknowledged that the changes were required to bring § 159.9(c)(2)(iii) into conformity with statutory amendments made more than six years prior:

> The existing text of paragraph (c)(2)(iii) provides that a protest under 19 U.S.C. 1514 and part 174 of this chapter must be filed within 90 days from the date bulletin notice of liquidation of an entry by operation of law is posted or lodged in the customhouse. As noted above, the amendments to 19 U.S.C. 1514 made by the Miscellaneous Trade Act of 2004 extend the protest period for an entry made on or after December 18, 2004, from 90 to 180 days commencing from the date of liquidation of an entry, and not from the date of notice of liquidation. For an entry made before December 18, 2004, the protest period remains at 90 days commencing from the date of liquidation of an entry by operation of law or within 90 days from the date the bulletin notice thereof is posted or lodged in the customhouse. This document makes conforming changes to paragraph (c)(2)(iii) to reflect the scope of section 1514, as amended.

*Id*.  Thus, although the version of 19 C.F.R. § 159.9(c)(2)(iii) in effect at the time of *Alden Leeds II* still provided for liquidation within 90 days from the date of notice of deemed liquidation, that regulation was clearly conflicted with the plain language of the statute and therefore was invalid. *See GHS Health Maintenance Organization, Inc. v. United States*, 536 F.3d 1293, 1297 (Fed. Cir. 2008) ("When a regulation directly contradicts a statute, the regulation must yield."); *Melamine Chemicals, Inc. v. United States*, 732 F. 2d 924, 930 (Fed. Cir. 1984) ("That statutes prevail over conflicting regulations is a truism.").

recent, binding decisions of the Federal Circuit establish that subparagraph (A) applies to 'decisions . . . as to . . . liquidation' under § 1514(a)(5) and that subparagraph (A) mandates that protest be filed within 180 days of the date of liquidation." *Fraserview I* at 26 (citing *Acquisition 362*, 59 F.4th at 1253-54; *Chemsol, LLC*, 755 F.3d at 1349-50; *Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250, 1256 (Fed. Cir. 2023); *George v. McDonough*, 991 F.3d 1227 (Fed. Cir. 2021) (cited as declining to follow a nonprecedential decision that was in conflict with the reasoning of binding decisions). On the basis of *Alden Leeds II*'s failure to address statutory amendments and more recent, binding Federal Circuit precedent confirming that protests pursuant to 19 U.S.C. § 1514(a)(5) may only be filed within 180 days but not before date of liquidation, the Court in *Fraserview I* found *Alden Leeds II* to be inapposite. *Id.*

## IV.    The Court's Decision in *Fraserview I* is Controlling In This Case

The facts of the instant case are substantively identical to the facts of *Fraserview I*. In both *Fraserview I* and in the instant case, the entries in question consisted of identical merchandise (softwood lumber from Canada). *See* Complaint at ¶ 34; *Fraserview I* at 1. Both the Entries at issue in this case and the 2017 Entries in *Fraserview I* were exported from Canada and entered into the United States by Fraserview; both sets of entries were subject to antidumping and countervailing cash deposit rates applicable to subject merchandise exported by Fraserview. *See* Complaint at ¶ 26; *Fraserview I* at 4-5. Both sets of entries were (and remain) subject to valid instructions by Commerce to continue suspension of liquidation, the only difference being that the 2017 Entries at issue in *Fraserview I* occurred in 2017 and are subject to suspension instructions covering entries in 2017-18, while the Entries at issue in this case occurred in 2019 and are subject to suspension instructions covering entries during 2019. *See* Bishop Decl. Attach. 1; Bishop Decl. Attach. 2; Attachments 1-2; *Fraserview I* at 5. In both

19

cases, CBP erroneously believed that suspension of liquidation had been lifted, and marked the entries as deemed liquidated, posting notice of deemed liquidation some months after the date on which it asserted that deemed liquidation had occurred.  *See* Bishop Decl. Att. 3; Brenske Decl. Att. 1; *Fraserview I* at 6.  In both cases, CBP acknowledged to Fraserview that its designation of the entries in question as deemed liquidated was "in error," but nevertheless insisted that such designation resulted in liquidation and that Fraserview was required to protest the erroneous notices within 180 days of the posting of the deemed liquidation notice.  *See* Brenske Decl. Att. 1; *Fraserview I* at 7.

The legal question at issue is likewise the same.  *See* Mem. and Order to Stay Proceedings at 2 ("Court No. 22-00244 and Court No. 23-00063 concern a common and significant question of law.")  In both cases, Fraserview asserted jurisdiction pursuant to 28 U.S.C. § 1581(i), on the grounds that no protestable decision had occurred and therefore jurisdiction under 28 U.S.C. § 1581(a) was unavailable.  *See* Compl. ¶¶ 9, 11; *Fraserview I* at 12. In both cases, the Defendant United States moved to dismiss for lack of subject matter jurisdiction on the grounds that the erroneous notices of deemed liquidation were protestable under 19 U.S.C. § 1514(a)(5).  *See* Motion to Dismiss at 13; *Fraserview I* at 12.  In both cases, therefore, the legal issue is whether erroneous notices of deemed liquidation, posted while the entries in question are still suspended pursuant to Commerce instructions, are protestable.

The only putative distinction between the instant case and *Fraserview I* is that in the instant case, Fraserview filed an administrative protest at the suggestion of CBP.  However, as is discussed in greater detail in the next section, that protest was invalid because no protestable decision exists with regard to the Entries.  *See* Section V *infra*, at 21.  Because it is invalid and therefore cannot confer jurisdiction pursuant to 28 U.S.C. § 1581(a), the protest is without effect

and therefore does not create any meaningful distinction between the issues of *Fraserview I* and the issues of this case.

"'[L]ike cases receive like treatment in a court of law.'"  *Union Camp Corp. v. United States*, 8 F. Supp. 2d 842, 848 (Ct. Int'l Trade 1998) (quoting *Flowers v. United States*, 784 F.2d 759, 761 (11th Cir. 1985).  Given that the factual circumstances and legal issues of this case are virtually identical to those of *Fraserview I*, the Court's ruling in *Fraserview I* is directly applicable here.  Pursuant to that precedent, it is clear that no protestable decision exists with regard to the Entries in this case, that the protest filed at CBP's behest is invalid and without effect, and that jurisdiction is unavailable under 28 U.S.C. § 1581(a) and, therefore, available under 28 U.S.C. § 1581(i).

## V.    Protest 3009-21-100295 Does Not Confer Jurisdiction Under 28 U.S.C. § 1581(a) Because It Is Not a Valid Protest.

That Fraserview filed a protest regarding the entries at issue in this case does not impact the Court's jurisdiction under 28 U.S.C. § 1581(i), because the protest in question is not a "valid protest" and therefore does not confer jurisdiction on the Court under § 1581(a).

"The Federal Circuit has held consistently that 28 U.S.C. § 1581(a) 'provides no jurisdiction for protests outside the[] exclusive categories listed in 19 U.S.C. § 1514(a).'" *Borusan Mannesmann,* 578 F. Supp. 3 at 1344, *quoting Sunpreme Inc. v. United States,* 892 F.3d 1186, 1191 (Fed. Cir. 2018); *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir. 1994).  In *Borusan Mannesmann*, the CAFC ruled that in order to be reviewable by the Court under 28 U.S.C. § 1581(a), a protest must fall within one of the seven enumerated categories of 19 U.S.C. § 1514(a); if it does not, it does not address a "protestable decision" and consequently does not constitute a "valid protest."  *Id*. at 1340; *see also Ford Motor Co.*, 435 F. Supp. 2d at 1330 ("[A] prerequisite to the Court's 28 U.S.C. § 1581(a) jurisdiction is the filing of

a valid protest under the protest statute, 19 U.S.C. § 1514."); *Koike Aronson*, 165 F. 3d at 908 ("By its terms, section 1581(a) limits the jurisdiction of the Court of International Trade to appeals from denials of valid protests.").

Pursuant to the Court's reasoning in *Fraserview I*, the Entries remain unliquidated pursuant to Commerce suspension instructions, and the erroneous notice of deemed liquidation does not constitute a protestable decision under 19 U.S.C. § 1514(a)(5). Because there is no protestable decision in this case, there can be no "valid protest." Accordingly, the protest filed by Fraserview with regard to the subject entries is not a valid protest, and cannot confer jurisdiction on the Court under 28 U.S.C. § 1581(a).

Defendant argues that Fraserview's § 1581(i) case is made premature by the pending administrative protest – that because CBP accepted the protest, Fraserview was barred from "circumventing" that administrative process. *See* Motion to Dismiss at 27-29. This assertion misunderstands the nature of the legal issue at hand. Fraserview filed the instant case against the possibility of exactly what has come to pass: in *Fraserview I*, the Court ruled that erroneous notices of deemed liquidation are not protestable. Applied to the instant case, this ruling invalidates Protest 3009-21-100295 and eliminates § 1581(a) as an avenue for relief. Fraserview could not, as Defendant proposes, have waited to see if this would happen: had not filed its § 1581(i) Complaint when it did, it would have been time-barred from doing so later. As such, this case is entirely different from the case cited by Defendant, which was filed prior to the completion of all administrative prerequisites to an otherwise *valid* jurisdictional claim. *Id*. at 29 (*citing Bond St., Ltd. v. United States,* 521 F. Supp. 2d 1377 (Ct. Int'l Trade 2007). Defendant's argument that Fraserview could somehow have "avoided a potential statute of limitations issue under 28 U.S.C. § 1581(i) by filing a request for accelerated disposition" lacks coherence. *Id*. at

29.  Accelerated disposition under 19 U.S.C. § 1515(b) does not change the jurisdictional requirements of § 1581(a); whether a denial is actual or deemed, the protest must still be valid in order for the Court to exercise jurisdiction over that denial.  *See Chrysal USA, Inc. v. United States*, 853 F. Supp. 2d 1314 (Ct. Int'l Trade 2012) (holding that the Court lacked jurisdiction over the alleged deemed denial of a protest because no valid protest was made).  Defendant appears to suggest that if Fraserview was concerned that the protest would be determined to be invalid, rather than seeking jurisdiction under the correct provision of the statute it should have accelerated disposition of the protest in order to get it into court before that determination of invalidity was made.

## VI.    Conclusion

On the basis of the foregoing evidence and authority, Fraserview respectfully submits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i), because the contested issue is not protestable under 19 U.S.C. § 1514 and therefore jurisdiction is not available under 28 U.S.C. § 1581(a).  Decisions as to liquidation, including deemed liquidations, are protestable under § 1514(a)(5) only where liquidation has actually occurred; because the Entries are unliquidated, they are not protestable decisions described in § 1514(a)(5).  Because no protestable decision has occurred, the protest filed with regard to the Entries is invalid, and therefor cannot confer jurisdiction on the Court pursuant to 28 U.S.C. § 1581(a).

Accordingly, Fraserview requests that the Court find that jurisdiction pursuant to 28 U.S.C. § 1581(i) is proper, and deny Defendant's Motion to Dismiss.  Fraserview further requests that this Court declare CBP's designation of the entries at issue as "deemed liquidated" to be erroneous and without effect, and order Defendants to correct its erroneous designation as to liquidation.

Respectfully Submitted,

/s/ Heather Jacobson
Heather Jacobson
Nakachi Eckhardt & Jacobson, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com

*Counsel for Fraserview Remanufacturing Inc.*

February 23, 2024

**WORD COUNT CERTIFICATE OF COMPLIANCE**

Pursuant to the U.S. Court of International Trade's Standard Chambers Procedures 2(B)(1), the undersigned certifies that this brief complies with the court limitation requirement. The word count for Plaintiff Fraserview Remanufacturing Inc.'s Response to Defendant's Motion to Dismiss, as computed by Nakachi Eckhardt & Jacobson, PC's word processing system (Microsoft Word Version 16.82), is 7,632 words.

Respectfully Submitted,

/s/ Heather Jacobson
Heather Jacobson
Nakachi Eckhardt & Jacobson, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121-2991
Tel: (206) 774-0927
Email: hjacobson@tradelawcounsel.com

*Counsel for Plaintiff Fraserview*
*Remanufacturing Inc.*

February 23, 2024

**Plaintiff's Response to Defendant's Motion To Dismiss
For Lack of Subject Matter Jurisdiction**

# Attachment 1
## Commerce Message No. 2059401 (February 28, 2022)

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 2059401 | **MESSAGE DATE** | 02/28/2022 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | INJ/TRO-Stat Injunction/ TRO | **FR CITE** | |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | |
| **CATEGORY ACCESS** | CVD | **EFFECTIVE DATE** | 01/01/2019 |
| **TYPE** | Public [✔]    Non-Public [ ] | **POI/POR DATE** | 01/01/2019 - 12/31/2019 |
| **Notice of lifting of Suspension Date** | | **PERIOD COVERED** | - |

**SHORT CASE NAME**

Certain Softwood Lumber

**COURT CASE #s**

**REF MESSAGE #s**

2060403;2061405

**PRINCIPAL CASE #s**

C122858

**3rd Country CASE #s**

**RE:** USMCA Binational Panel: Continued Suspension of Liquidation for multiple companies - Certain Softwood Lumber Products from Canada (C-122-858)

1.  On 12/02/2021, Commerce published in the Federal Register (86 FR 68467), its final results of administrative review with respect to the countervailing duty order on certain softwood lumber products from Canada for the period 01/01/2019 through 12/31/2019.  On 01/10/2022, Commerce published in the Federal Register (87 FR 1114), its amended final results of administrative review with respect to the countervailing duty order on certain softwood lumber products from Canada for the period 01/01/2019 through 12/31/2019.  On 01/25/2022, Commerce published in the Federal Register (87 FR 3767) its corrected amended final results of administrative review with respect to the countervailing duty order on certain softwood lumber products from Canada for the period 01/01/2019 through 12/31/2019.

2.  Commerce received notification of the convening of Binational Panel (USMCA Secretariat File No.: USA-CDA-2021-10.12-03) to review the amended final results of the second administrative review covering the period 01/01/2019 through 12/31/2019.  The following producers and/or exporters request continuation of suspension of liquidation of their entries of subject merchandise that are subject to the second administrative review pending final disposition of the Binational Panel proceeding.

3.  Accordingly, until further notice, do not liquidate entries of subject merchandise that were entered, or withdrawn from warehouse, for consumption during the period 01/01/2019 through 12/31/2019, for the companies listed below.

Producer and/or Exporter:  Canfor Corporation and its cross-owned companies:  Canadian Forest Products, Ltd. and Canfor Wood Products Marketing, Ltd.
Case number:  C-122-858-001

Producer and/or Exporter:  J.D. Irving, Limited and its cross-owned companies:  Miramichi Timber Holdings Limited, The New Brunswick Railway Company, Rothesay Paper Holdings Ltd., and St. George Pulp & Paper Limited
Case number:  C-122-858-002
Note:  The case number assigned to these companies also includes Irving Paper Limited. Accordingly, continue to suspend entries of shipments from Irving Paper Limited as well.

Producer and/or Exporter:  Resolute FP Canada Inc. and its cross-owned companies:  Resolute Growth Canada Inc., Produits Forestiers Maurice S.E.C., and Resolute Forest Products Inc.
Case number:  C-122-858-003
Note:  The case number assigned to these companies also includes 9192-8515 Quebec Inc., Abitibi-Bowater Canada Inc., and Bowater Canadian Ltd.  Accordingly, continue to suspend entries of shipments from 9192-8515 Quebec Inc., Abitibi-Bowater Canada Inc., and Bowater Canadian Ltd. as well.

Producer and/or Exporter:  Tolko Marketing and Sales Ltd. and its cross-owned company:  Tolko Industries Ltd.

Case number:  C-122-858-004

Note:  The case number assigned to these companies also includes Meadow Lake OSB Limited Partnership.  Accordingly, continue to suspend entries of shipments from Meadow Lake OSB Limited Partnership as well.

Producer and/or Exporter:  West Fraser Mills Ltd. and its cross-owned companies:  West Fraser Timber Co. Ltd., West Fraser Alberta Holdings, Ltd., Blue Ridge Lumber Inc., Manning Forest Products, Ltd., Sunpine Inc., and Sundre Forest Products Inc.

Case number:  C-122-858-005

Producer and/or Exporter:  Fontaine Inc. and its cross-owned companies:  Gestion Natanis Inc., Les Placements Jean-Paul Fontaine Ltee, and Placements Nicolas Fontaine Inc.

Case number:  C-122-858-006

Producer and/or Exporter:  Mobilier Rustique (Beauce) Inc. and its cross-owned companies: J.F.S.R. Inc., Gestion C.A. Rancourt Inc., Gestion J.F. Rancourt Inc., Gestion Suzie Rancourt Inc., Gestion P.H.Q. Inc., 9331-3419 Quebec Inc., 9331-3468 Quebec Inc., and SPQ Inc.

Case number:  C-122-858-007

Producer and/or Exporter:  Produits Matra Inc. and Sechoirs de Beauce Inc.

Case number:  C-122-858-008

Note:  The case number assigned to these companies also includes Bois Ouvre de Beauceville (1992), Inc.  Accordingly, continue to suspend entries of shipments from Bois Ouvre de Beauceville (1992), Inc. as well.

Producer and/or Exporter:  1074712 BC Ltd.

Case number:  C-122-858-014

Producer and/or Exporter:  5214875 Manitoba Ltd.

Case number:  C-122-858-015

Producer and/or Exporter:  752615 B.C Ltd, Fraserview Remanufacturing Inc, dba Fraserview Cedar Products.

Case number:  C-122-858-016

Producer and/or Exporter:  9224-5737 Quebec inc. (aka A.G. Bois)

Case number:  C-122-858-017

Producer and/or Exporter:  AJ Forest Products Ltd.

Case number:  C-122-858-020

Producer and/or Exporter:  Alpa Lumber Mills Inc.

Case number:  C-122-858-023

Producer and/or Exporter:  American Pacific Wood Products
Case number:  C-122-858-024

Producer and/or Exporter:  Andersen Pacific Forest Products Ltd.
Case number:  C-122-858-026

Producer and/or Exporter:  Antrim Cedar Corporation
Case number:  C-122-858-029

Producer and/or Exporter:  Aquila Cedar Products, Ltd.
Case number:  C-122-858-030

Producer and/or Exporter:  Arbec Lumber Inc. (aka Arbec Bois Doeuvre Inc.)
Case number:  C-122-858-031

Producer and/or Exporter:  B.B. Pallets Inc. (aka Les Palettes B.B. Inc.)
Case number:  C-122-858-034

Producer and/or Exporter:  Babine Forest Products Limited
Case number:  C-122-858-035

Producer and/or Exporter:  Bakerview Forest Products Inc.
Case number:  C-122-858-036

Producer and/or Exporter:  Bardobec Inc.
Case number:  C-122-858-037

Producer and/or Exporter:  BarretteWood Inc.
Case number:  C-122-858-038

Producer and/or Exporter:  Barrette-Chapais Ltee
Case number:  C-122-858-039

Producer and/or Exporter:  Benoit & Dionne Produits Forestiers Ltee  (aka Benoit & Dionne Forest Products Ltd.)
Case number:  C-122-858-040

Producer and/or Exporter:  Blanchet Multi Concept Inc.
Case number:  C-122-858-042

Producer and/or Exporter:  Blanchette & Blanchette Inc.
Case number:  C-122-858-043

Producer and/or Exporter:  Bois Aise de Montreal Inc.
Case number:  C-122-858-044

Producer and/or Exporter:  Bois Bonsai Inc.
Case number:  C-122-858-045

Producer and/or Exporter:  Bois Daaquam inc. (aka Daaquam Lumber Inc.)
Case number:  C-122-858-046

Producer and/or Exporter:  Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
Case number:  C-122-858-047

Producer and/or Exporter:  Bois et Solutions Marketing SPEC, Inc. (aka SPEC Wood & Marketing
Solution or SPEC Wood and Marketing Solutions Inc.)
Case number:  C-122-858-048

Producer and/or Exporter:  Boisaco Inc.
Case number:  C-122-858-049

Producer and/or Exporter:  Boscus Canada Inc.
Case number:  C-122-858-050

Producer and/or Exporter:  BPWood Ltd.
Case number:  C-122-858-051

Producer and/or Exporter:  Bramwood Forest Inc.
Case number:  C-122-858-052

Producer and/or Exporter:  Brunswick Valley Lumber Inc.
Case number:  C-122-858-053

Producer and/or Exporter:  Busque & Laflamme Inc.
Case number:  C-122-858-054

Producer and/or Exporter:  Canadian Wood Products Inc.
Case number:  C-122-858-059

Producer and/or Exporter:  Canyon Lumber Company, Ltd.
Case number: C-122-858-061

Producer and/or Exporter:  Careau Bois Inc.
Case number:  C-122-858-062

Producer and/or Exporter:  Carrier & Begin Inc.
Case number:  C-122-858-063

Producer and/or Exporter:  Carrier Forest Products Ltd.
Case number:  C-122-858-064

Producer and/or Exporter:  Carrier Lumber Ltd.
Case number:  C-122-858-065

Producer and/or Exporter:  Cedarline Industries, Ltd.
Case number:  C-122-858-067

Producer and/or Exporter:  Central Cedar Ltd.
Case number:  C-122-858-068

Producer and/or Exporter:  Centurion Lumber, Ltd.
Case number:  C-122-858-069

Producer and/or Exporter:  Clair Industrial Development Corp. Ltd.
Case number:  C-122-858-070

Producer and/or Exporter: Chaleur Forest Products LP (successor in interest to Chaleur Sawmills LP)
Case number:  C-122-858-071
Note:  Commerce found Chaleur Forest Products LP to be the successor-in-interest to Chaleur Sawmills LP.  See message 1222403, dated 08/10/2021.  Entries of merchandise under this case number during the POR may have been produced and/or exported by Chaleur Sawmills LP.

Producer and/or Exporter:  Channel-ex Trading Corporation
Case number:  C-122-858-072

Producer and/or Exporter:  Clermond Hamel Ltee
Case number:  C-122-858-073

Producer and/or Exporter:  Commonwealth Plywood Co. Ltd.
Case number:  C-122-858-076

Producer and/or Exporter:  Conifex Fibre Marketing Inc.
Case number:  C-122-858-078

Producer and/or Exporter:  Cowichan Lumber Ltd.
Case number:  C-122-858-079

Producer and/or Exporter:  CWP - Industriel Inc.
Case number:  C-122-858-081

Producer and/or Exporter:  CWP - Montreal Inc.
Case number:  C-122-858-082

Producer and/or Exporter:  D & D Pallets, Ltd.
Case number:  C-122-858-083

Producer and/or Exporter:  Dakeryn Industries Ltd.
Case number:  C-122-858-084

Producer and/or Exporter:  Decker Lake Forest Products Ltd.
Case number:  C-122-858-085

Producer and/or Exporter:  Delco Forest Products Ltd.
Case number:  C-122-858-086

Producer and/or Exporter:  Delta Cedar Specialties Ltd.
Case number:  C-122-858-087

Producer and/or Exporter:  Devon Lumber Co. Ltd.
Case number:  C-122-858-088

Producer and/or Exporter:  DH Manufacturing Inc.
Case number:  C-122-858-089

Producer and/or Exporter:  Doubletree Forest Products Ltd.
Case number:  C-122-858-091

Producer and/or Exporter:  Downie Timber Ltd.
Case number:  C-122-858-092

Producer and/or Exporter:  Dunkley Lumber Ltd.
Case number:  C-122-858-093

Producer and/or Exporter:  EACOM Timber Corporation
Case number:  C-122-858-094

Producer and/or Exporter:  East Fraser Fiber Co. Ltd.
Case number:  C-122-858-095

Producer and/or Exporter:  Edgewood Forest Products Inc.
Case number:  C-122-858-096

Producer and/or Exporter:  ER Probyn Export Ltd.
Case number:  C-122-858-097

Producer and/or Exporter:  Falcon Lumber Ltd.
Case number:  C-122-858-099

Producer and/or Exporter:  Foothills Forest Products Inc.
Case number:  C-122-858-100

Producer and/or Exporter:  Chaleur Forest Products Inc. (successor in interest to Fornebu Lumber Co. Inc.)
Case number:  C-122-858-101
Note:  Commerce found Chaleur Forest Products Inc. to be the successor-in-interest to Fornebu Lumber Co. Inc.  See message 1222403, dated 08/10/2021.  Entries of merchandise under this case number during the POR may have been produced and/or exported by Fornebu Lumber Co. Inc.

Producer and/or Exporter:  Fraser Specialty Products Ltd.
Case number:  C-122-858-102

Producer and/or Exporter:  Furtado Forest Products Ltd.
Case number:  C-122-858-104

Producer and/or Exporter:  Galloway Lumber Company Ltd.
Case number:  C-122-858-106

Producer and/or Exporter:  Gilbert Smith Forest Products Ltd.
Case number:  C-122-858-107

Producer and/or Exporter:  Goodfellow Inc.
Case number:  C-122-858-113

Producer and/or Exporter:  Gorman Bros. Lumber Ltd.
Case number:  C-122-858-114

Producer and/or Exporter:  Groupe Crete Chertsey Inc.
Case number:  C-122-858-115

Producer and/or Exporter:  Groupe Crete Division St-Faustin Inc.
Case number:  C-122-858-116

Producer and/or Exporter:  Groupe Lebel Inc.
Case number:  C-122-858-117

Producer and/or Exporter:  Groupe Lignarex Inc.
Case number:  C-122-858-118

Producer and/or Exporter:  H.J. Crabbe & Sons Ltd.
Case number:  C-122-858-119

Producer and/or Exporter:  Haida Forest Products Ltd.
Case number:  C-122-858-120

Producer and/or Exporter:  Hornepayne Lumber LP
Case number:  C-122-858-122

Producer and/or Exporter:  Independent Building Materials Dist.
Case number:  C-122-858-125

Producer and/or Exporter:  Interfor Corporation
Case number:  C-122-858-126

Producer and/or Exporter:  Ivor Forest Products Ltd.
Case number:  C-122-858-128

Producer and/or Exporter:  J&G Log Works Ltd.
Case number:  C-122-858-129

Producer and/or Exporter:  J.H. Huscroft Ltd.
Case number:  C-122-858-130

Producer and/or Exporter:  Jan Woodlands (2001) Inc.
Case number:  C-122-858-131

Producer and/or Exporter:  Jhajj Lumber Corporation
Case number:  C-122-858-132

Producer and/or Exporter:  Kalesnikoff Lumber Co. Ltd.
Case number:  C-122-858-133

Producer and/or Exporter:  Kebois Ltd (aka Kebois Ltee)
Case number:  C-122-858-135

Producer and/or Exporter:  Keystone Timber Ltd.
Case number:  C-122-858-136

Producer and/or Exporter:  Lafontaine Lumber Inc.
Case number:  C-122-858-139

Producer and/or Exporter:  Langevin Forest Products Inc.
Case number:  C-122-858-140

Producer and/or Exporter:  Lecours Lumber Co. Limited
Case number:  C-122-858-141

Producer and/or Exporter:  Leisure Lumber Ltd.
Case number:  C-122-858-143

Producer and/or Exporter:  Les Bois d'oeuvre Beaudoin Gauthier inc.
Case number:  C-122-858-144

Producer and/or Exporter:  Les Bois Martek Lumber
Case number:  C-122-858-145

Producer and/or Exporter:  Les Bois Traites M.G. Inc.
Case number:  C-122-858-146

Producer and/or Exporter:  Les Chantiers de Chibougamau ltd.
Case number:  C-122-858-147

Producer and/or Exporter:  Leslie Forest Products Ltd.
Case number:  C-122-858-148

Producer and/or Exporter:  Lignum Forest Products LLP
Case number:  C-122-858-149

Producer and/or Exporter:  Linwood Homes Ltd.
Case number:  C-122-858-150

Producer and/or Exporter:  Longlac Lumber Inc.
Case number:  C-122-858-151

Producer and/or Exporter:  Lulumco Inc.
Case number:  C-122-858-152

Producer and/or Exporter:  Magnum Forest Products, Ltd.
Case number:  C-122-858-153

Producer and/or Exporter:  Maibec inc.
Case number:  C-122-858-154

Producer and/or Exporter:  Manitou Forest Products Ltd.
Case number:  C-122-858-155

Producer and/or Exporter:  Marwood Ltd.
Case number:  C-122-858-156

Producer and/or Exporter:  Materiaux Blanchet Inc.
Case number:  C-122-858-157

Producer and/or Exporter:  Metrie Canada Ltd.
Case number:  C-122-858-159

Producer and/or Exporter:  Mid Valley Lumber Specialties, Ltd.
Case number:  C-122-858-160

Producer and/or Exporter:  Midway Lumber Mills Ltd.
Case number:  C-122-858-161

Producer and/or Exporter:  Millar Western Forest Products Ltd.
Case number:  C-122-858-163

Producer and/or Exporter:  Multicedre ltee
Case number:  C-122-858-165

Producer and/or Exporter:  Nakina Lumber Inc.
Case number:  C-122-858-166

Producer and/or Exporter:  National Forest Products Ltd.
Case number:  C-122-858-167

Producer and/or Exporter:  Nicholson and Cates Ltd
Case number:  C-122-858-169

Producer and/or Exporter:  Norsask Forest Products Limited Partnership
Case number:  C-122-858-170

Producer and/or Exporter:  North American Forest Products Ltd.
Case number:  C-122-858-171
Note:  North American Forest Products Ltd. is located in Abbotsford, British Columbia.

Producer and/or Exporter: North Enderby Timber Ltd.
Case number:  C-122-858-172

Producer and/or Exporter:  Olympic Industries, Inc./Olympic Industries Inc-Reman Code/Olympic Industries ULC/Olympic Industries ULC-Reman/Olympic Industries ULC-Reman Code
Case number:  C-122-858-173

Producer and/or Exporter:  Pacific Western Wood Works Ltd.
Case number:  C-122-858-176

Producer and/or Exporter:  Parallel Wood Products Ltd.
Case number:  C-122-858-177

Producer and/or Exporter:  Pat Power Forest Products Corporation
Case number:  C-122-858-178

Producer and/or Exporter:  Pine Ideas Ltd.
Case number:  C-122-858-180

Producer and/or Exporter:  Pioneer Pallet & Lumber Ltd
Case number:  C-122-858-181

Producer and/or Exporter:  Porcupine Wood Products Ltd.
Case number:  C-122-858-182

Producer and/or Exporter:  Power Wood Corp.
Case number:  C-122-858-183

Producer and/or Exporter:  Precision Cedar Products Corp.
Case number:  C-122-858-184

Producer and/or Exporter:  Prendiville Industries Ltd. (aka Kenora Forest Products)
Case number:  C-122-858-185

Producer and/or Exporter:  Produits Forestiers Petit Paris Inc.

Case number:  C-122-858-187

Producer and/or Exporter:  Produits forestiers Temrex, s.e.c. (aka Temrex Forest Products LP)
Case number:  C-122-858-188

Producer and/or Exporter:  Promobois G.D.S. inc.
Case number:  C-122-858-189

Producer and/or Exporter:  Rayonier A.M. Canada GP
Case number:  C-122-858-190

Producer and/or Exporter:  Rembos Inc.
Case number:  C-122-858-191

Producer and/or Exporter:  Rene Bernard Inc.
Case number:  C-122-858-192

Producer and/or Exporter:  Rielly Industrial Lumber Inc.
Case number:  C-122-858-194

Producer and/or Exporter:  San Industries Ltd.
Case number:  C-122-858-198

Producer and/or Exporter:  Sawarne Lumber Co. Ltd.
Case number:  C-122-858-199

Producer and/or Exporter:  Scierie St-Michel inc.
Case number:  C-122-858-200

Producer and/or Exporter:  Scierie West Brome Inc.
Case number:  C-122-858-201

Producer and/or Exporter:  Sigurdson Forest Products Ltd.
Case number:  C-122-858-206

Producer and/or Exporter:  Silvaris Corporation
Case number:  C-122-858-207

Producer and/or Exporter:  Sinclar Group Forest Products Ltd.
Case number:  C-122-858-209

Producer and/or Exporter:  Skana Forest Products Ltd.

Case number:  C-122-858-210

Producer and/or Exporter:  South Beach Trading Inc.
Case number:  C-122-858-213

Producer and/or Exporter:  Specialiste du Bardeau de Cedre Inc
Case number:  C-122-858-214

Producer and/or Exporter:  Spruceland Millworks Inc.
Case number:  C-122-858-215

Producer and/or Exporter:  Surrey Cedar Ltd.
Case number:  C-122-858-216

Producer and/or Exporter:  Taan Forest LP (aka Taan Forest Limited Partnership)/Taan Forest
Products
Case number:  C-122-858-218

Producer and/or Exporter:  Taiga Building Products Ltd.
Case number:  C-122-858-219

Producer and/or Exporter:  Tall Tree Lumber Company
Case number:  C-122-858-220

Producer and/or Exporter:  Terminal Forest Products Ltd.
Case number:  C-122-858-223

Producer and/or Exporter:  Trans-Pacific Trading Ltd.
Case number:  C-122-858-226

Producer and/or Exporter:  Triad Forest Products Ltd.
Case number:  C-122-858-227

Producer and/or Exporter:  Twin Rivers Paper Co. Inc.
Case number:  C-122-858-228

Producer and/or Exporter:  Tyee Timber Products Ltd.
Case number:  C-122-858-229

Producer and/or Exporter:  Usine Sartigan Inc.
Case number:  C-122-858-231

Producer and/or Exporter:  Vaagen Fibre Canada, ULC
Case number:  C-122-858-232

Producer and/or Exporter:  Valley Cedar 2 Inc./Valley Cedar 2 ULC
Case number:  C-122-858-233

Producer and/or Exporter:  Vancouver Specialty Cedar Products Ltd.
Case number:  C-122-858-235

Producer and/or Exporter:  Visscher Lumber Inc
Case number:  C-122-858-236

Producer and/or Exporter:  W.I. Woodtone Industries Inc.
Case number:  C-122-858-237

Producer and/or Exporter:  West Bay Forest Products Ltd.
Case number:  C-122-858-241

Producer and/or Exporter:  Western Forest Products Inc.
Case number:  C-122-858-243

Producer and/or Exporter:  Western Lumber Sales Limited
Case number:  C-122-858-244

Producer and/or Exporter:  Weston Forest Products Inc.
Case number:  C-122-858-246

Producer and/or Exporter:  Weyerhaeuser Co.
Case number:  C-122-858-248

Producer and/or Exporter:  White River Forest Products L.P.
Case number:  C-122-858-249

Producer and/or Exporter:  Winton Homes Ltd.
Case number:  C-122-858-250

Producer and/or Exporter:  Woodline Forest Products Ltd.
Case number:  C-122-858-251

Producer and/or Exporter:  Woodstock Forest Products/Woodstock Forest Products Inc.
Case number:  C-122-858-252

Producer and/or Exporter:  Woodtone Specialties Inc.
Case number:  C-122-858-253

Note:  No case number was in place for the following companies during the period of review.  Entries may have been made under C-122-858-000 or other company-specific case numbers.

Producer and/or Exporter:  Brink Forest Products Ltd.
Case number:  C-122-858-262

Producer and/or Exporter:  Columbia River Shake & Shingle Ltd./Teal Cedar Products Ltd., dba The Teal Jones Group
Case number:  C-122-858-267

Producer and/or Exporter:  FraserWood Inc.
Case number:  C-122-858-268

Producer and/or Exporter:  FraserWood Industries Ltd.
Case number:  C-122-858-269

Producer and/or Exporter:  Jasco Forest Products Ltd.
Case number:  C-122-858-270

Producer and/or Exporter:  Oikawa Enterprises Ltd.
Case number:  C-122-858-273

Producer and/or Exporter:  Scierie P.S.E. Inc.
Case number:  C-122-858-276

Producer and/or Exporter:  Scott Lumber Sales
Case number:  C-122-858-277

Producer and/or Exporter:  Star Lumber Canada Ltd.
Case number:  C-122-858-278

Producer and/or Exporter:  Sundher Timber Products Inc.
Case number:  C-122-858-279

Producer and/or Exporter:  Vanderhoof Specialty Wood Products Ltd.
Case number:  C-122-858-281

Producer and/or Exporter:  Carter Forest Products Inc.
Case number:  C-122-858-282

4.  Liquidation instructions for entries affected by this message have not yet been issued.

5.  Effective immediately, CPB is instructed to prevent liquidation of any entries subject to the above. Any entries of the above merchandise which may be set for liquidation are to be unset immediately.

6.  If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984.  CBP ports should submit their inquiries through authorized CBP channels only.  (This message was generated by OIII:KJ.)

7.  There are no restrictions on the release of this information.

Alexander Amdur

**Plaintiff's Response to Defendant's Motion To Dismiss
For Lack of Subject Matter Jurisdiction**

# Attachment 2
**Commerce Message No. 2075474 (March 16, 2022)**

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 2075474 | **MESSAGE DATE** | 03/16/2022 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | INJ/TRO-Stat Injunction/ TRO | **FR CITE** | 86 FR 68471 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 12/02/2021 |
| **CATEGORY ACCESS** | AD | **EFFECTIVE DATE** | 12/30/2021 |

**TYPE**    Public ☑    Non-Public ☐

**POI/POR DATE**    01/01/2019 - 12/31/2019

**Notice of lifting
of Suspension Date**

**PERIOD COVERED**    -

**SHORT CASE NAME**

Certain Softwood Lumber

**COURT CASE #s**

**REF MESSAGE #s**

2076410;2203409;2279401;3135402

**PRINCIPAL CASE #s**

A122857

**3rd Country CASE #s**

**RE:**  USMCA Bi-National Review Panel:  Continued Suspension of Liquidation for Entries of Certain Softwood Lumber Products from Canada (A-122-857)

1. On 12/02/2021, the Department of Commerce (Commerce) published in the Federal Register (86 FR 68471) its final results of administrative review with respect to the antidumping duty order on certain softwood lumber products from Canada for the period 01/01/2019 through 12/31/2019.

2. Commerce received notification of the convening of Binational Panel (USMCA Secretariat File No.: USA-CDA-2021-10.12-04) to review Commerce's final results of the second administrative review covering the period 01/01/2019 through 12/31/2019. Subsequently, multiple parties requested continuation of suspension of liquidation of all entries of subject merchandise produced and/or exported by the companies subject to the second administrative review pending final disposition of the Binational Panel proceeding.

3. Accordingly, until further notice, do not liquidate entries of subject merchandise which were entered, or withdrawn from warehouse, for consumption during the period 01/01/2019 through 12/31/2019, for the companies listed below.

Produced and/or Exported by: Canfor Corporation; Canadian Forest Products Ltd.; Canfor Wood Products Marketing Ltd.
Case Number: A-122-857-001

Produced and/or Exported by: Abitibi-LP Engineered Wood II Inc.; Abitibi-LP Engineered Wood Inc.; Forest Products Mauricie LP; Produits Forestiers Petit-Paris Inc.; Societe en commandite Scierie Opitciwan; Resolute Growth Canada Inc.
Case Number: A-122-857-002

Produced and/or Exported by: Tolko Industries Ltd.; Tolko Marketing and Sales Ltd.; Gilbert Smith Forest Products Ltd.
Case Number: A-122-857-003

Produced and/or Exported by: West Fraser Mills Ltd.; Blue Ridge Lumber Inc.; Manning Forest Products Ltd.; and Sundre Forest Products Inc.
Case Number: A-122-857-004

Produced and/or Exported by: 1074712 BC Ltd.
Case Number: A-122-857-005

Produced and/or Exported by: 5214875 Manitoba Ltd.
Case Number: A-122-857-006

Produced and/or Exported by: 752615 B.C Ltd; Fraserview Remanufacturing Inc (DBA Fraserview Cedar Products.)
Case Number: A-122-857-007

Produced and/or Exported by: 9224-5737 Quebec Inc. (aka A.G. Bois)
Case Number: A-122-857-008

Produced and/or Exported by: AJ Forest Products Ltd.
Case Number: A-122-857-011

Produced and/or Exported by: Alpa Lumber Mills Inc.
Case Number: A-122-857-014

Produced and/or Exported by: Andersen Pacific Forest Products Ltd.
Case Number: A-122-857-017

Produced and/or Exported by: Antrim Cedar Corporation
Case Number: A-122-857-020

Produced and/or Exported by: Aquila Cedar Products Ltd.
Case Number: A-122-857-021

Produced and/or Exported by: Arbec Lumber Inc.
Case Number: A-122-857-022

Produced and/or Exported by: B.B. Pallets Inc.
Case Number: A-122-857-025

Produced and/or Exported by: Babine Forest Products Limited
Case Number: A-122-857-026

Produced and/or Exported by: Bakerview Forest Products Inc.
Case Number: A-122-857-027

Produced and/or Exported by: Bardobec Inc.
Case Number: A-122-857-028

Produced and/or Exported by: Barrette-Chapais Ltee
Case Number: A-122-857-029

Produced and/or Exported by: BarretteWood Inc.
Case Number: A-122-857-030

Produced and/or Exported by: Benoît & Dionne Produits Forestiers Ltee (aka Benoît & Dionne Forest Products Ltd.)
Case Number: A-122-857-031

Produced and/or Exported by: Blanchet Multi Concept Inc.
Case Number: A-122-857-033

Produced and/or Exported by: Blanchette & Blanchette Inc.
Case Number: A-122-857-034

Produced and/or Exported by: Bois Aise de Montreal Inc.
Case Number: A-122-857-035

Produced and/or Exported by: Bois Bonsaï Inc.
Case Number: A-122-857-036

Produced and/or Exported by: Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
Case Number: A-122-857-037

Produced and/or Exported by: Bois Daaquam Inc.
Case Number: A-122-857-038

Produced and/or Exported by: Bois et Solutions Marketing SPEC, Inc.
Case Number: A-122-857-039

Produced and/or Exported by: Boisaco Inc.
Case Number: A-122-857-040

Produced and/or Exported by: Boscus Canada Inc.
Case Number: A-122-857-041

Produced and/or Exported by: BPWood Ltd.
Case Number: A-122-857-043

Produced and/or Exported by: Bramwood Forest Inc.
Case Number: A-122-857-044

Produced and/or Exported by: Brunswick Valley Lumber Inc.
Case Number: A-122-857-045

Produced and/or Exported by: Busque & Laflamme Inc.
Case Number: A-122-857-046

Produced and/or Exported by: Canadian Wood Products Inc.
Case Number: A-122-857-051

Produced and/or Exported by: Canyon Lumber Company Ltd.
Case Number: A-122-857-053

Produced and/or Exported by: Careau Bois Inc.
Case Number: A-122-857-054

Produced and/or Exported by: Carrier & Begin Inc.
Case Number: A-122-857-055

Produced and/or Exported by: Carrier Forest Products Ltd.
Case Number: A-122-857-056

Produced and/or Exported by: Carrier Lumber Ltd.
Case Number: A-122-857-057

Produced and/or Exported by: Cedarline Industries Ltd.
Case Number: A-122-857-059

Produced and/or Exported by: Central Cedar Ltd.
Case Number: A-122-857-060

Produced and/or Exported by: Centurion Lumber Ltd.
Case Number: A-122-857-061

Produced and/or Exported by: Chaleur Sawmills LP
Case Number: A-122-857-062

Produced and/or Exported by: Channel-ex Trading Corporation
Case Number: A-122-857-063

Produced and/or Exported by: Clair Industrial Development Corp. Ltd.
Case Number: A-122-857-064

Produced and/or Exported by: Clermond Hamel Ltee
Case Number: A-122-857-065

Produced and/or Exported by: Commonwealth Plywood Co. Ltd.
Case Number: A-122-857-068

Produced and/or Exported by: Conifex Fibre Marketing Inc.
Case Number: A-122-857-070

Produced and/or Exported by: Cowichan Lumber Ltd.
Case Number: A-122-857-071

Produced and/or Exported by: CWP - Industriel Inc.
Case Number: A-122-857-073

Produced and/or Exported by: CWP - Montreal Inc.
Case Number: A-122-857-074

Produced and/or Exported by: Dakeryn Industries Ltd.
Case Number: A-122-857-076

Produced and/or Exported by: Decker Lake Forest Products Ltd.
Case Number: A-122-857-077

Produced and/or Exported by: Delco Forest Products Ltd.
Case Number: A-122-857-078

Produced and/or Exported by: Delta Cedar Specialties Ltd.
Case Number: A-122-857-079

Produced and/or Exported by: Devon Lumber Co. Ltd.
Case Number: A-122-857-080

Produced and/or Exported by: DH Manufacturing Inc.
Case Number: A-122-857-081

Produced and/or Exported by: Doubletree Forest Products Ltd.
Case Number: A-122-857-083

Produced and/or Exported by: Downie Timber Ltd.
Case Number: A-122-857-084

Produced and/or Exported by: Dunkley Lumber Ltd.
Case Number: A-122-857-085

Produced and/or Exported by: EACOM Timber Corporation
Case Number: A-122-857-086

Produced and/or Exported by: East Fraser Fiber Co. Ltd.
Case Number: A-122-857-087

Produced and/or Exported by: Edgewood Forest Products Inc.
Case Number: A-122-857-088

Produced and/or Exported by: ER Probyn Export Ltd.
Case Number: A-122-857-089

Produced and/or Exported by: Falcon Lumber Ltd.
Case Number: A-122-857-091

Produced and/or Exported by: Fontaine Inc.
Case Number: A-122-857-092

Produced and/or Exported by: Foothills Forest Products Inc.
Case Number: A-122-857-093

Produced and/or Exported by: Fornebu Lumber Company Inc.
Case Number: A-122-857-094

Produced and/or Exported by: Fraser Specialty Products Ltd.
Case Number: A-122-857-095

Produced and/or Exported by: Fraserview Cedar Products
Case Number: A-122-857-096

Produced and/or Exported by: Furtado Forest Products Ltd.
Case Number: A-122-857-097

Produced and/or Exported by: Galloway Lumber Company Ltd.
Case Number: A-122-857-099

Produced and/or Exported by: Goodfellow Inc.
Case Number: A-122-857-105

Produced and/or Exported by: Gorman Bros. Lumber Ltd.
Case Number: A-122-857-106

Produced and/or Exported by: Groupe Crete Chertsey Inc.
Case Number: A-122-857-107

Produced and/or Exported by: Groupe Crete Division St-Faustin Inc.
Case Number: A-122-857-108

Produced and/or Exported by: Groupe Lebel Inc.
Case Number: A-122-857-109

Produced and/or Exported by: Groupe Lignarex Inc.
Case Number: A-122-857-110

Produced and/or Exported by: H.J. Crabbe & Sons Ltd.
Case Number: A-122-857-111

Produced and/or Exported by: Haida Forest Products Ltd.
Case Number: A-122-857-112

Produced and/or Exported by: Hornepayne Lumber LP
Case Number: A-122-857-114

Produced and/or Exported by: Independent Building Materials Distribution Inc.
Case Number: A-122-857-117

Produced and/or Exported by: Interfor Corporation
Case Number: A-122-857-118

Produced and/or Exported by: Ivor Forest Products Ltd.
Case Number: A-122-857-120

Produced and/or Exported by: J&G Log Works Ltd.
Case Number: A-122-857-121

Produced and/or Exported by: J.D. Irving, Limited
Case Number: A-122-857-122

Produced and/or Exported by: J.H. Huscroft Ltd.
Case Number: A-122-857-123

Produced and/or Exported by: Jan Woodlands (2001) Inc.
Case Number: A-122-857-124

Produced and/or Exported by: Jhajj Lumber Corporation
Case Number: A-122-857-125

Produced and/or Exported by: Kalesnikoff Lumber Co. Ltd.
Case Number: A-122-857-126

Produced and/or Exported by: Kebois Ltee/Ltd
Case Number: A-122-857-128

Produced and/or Exported by: Keystone Timber Ltd.
Case Number: A-122-857-129

Produced and/or Exported by: Lafontaine Lumber Inc.
Case Number: A-122-857-131

Produced and/or Exported by: Langevin Forest Products Inc.
Case Number: A-122-857-132

Produced and/or Exported by: Lecours Lumber Co. Limited
Case Number: A-122-857-133

Produced and/or Exported by: Leisure Lumber Ltd.
Case Number: A-122-857-135

Produced and/or Exported by: Les Bois d'oeuvre Beaudoin Gauthier Inc.
Case Number: A-122-857-136

Produced and/or Exported by: Les Bois Martek Lumber
Case Number: A-122-857-137

Produced and/or Exported by: Les Bois Traites M.G. Inc.
Case Number: A-122-857-138

Produced and/or Exported by: Les Chantiers de Chibougamau Ltee
Case Number: A-122-857-139

Produced and/or Exported by: Les Produits Forestiers D&G Ltee (aka D&G Forest Products Ltd.)
Case Number: A-122-857-140

Produced and/or Exported by: Leslie Forest Products Ltd.
Case Number: A-122-857-141

Produced and/or Exported by: Lignum Forest Products LLP
Case Number: A-122-857-142

Produced and/or Exported by: Linwood Homes Ltd.
Case Number: A-122-857-143

Produced and/or Exported by: Longlac Lumber Inc.
Case Number: A-122-857-144

Produced and/or Exported by: Lulumco Inc.
Case Number: A-122-857-145

Produced and/or Exported by: Magnum Forest Products Ltd.
Case Number: A-122-857-146

Produced and/or Exported by: Maibec Inc.
Case Number: A-122-857-147

Produced and/or Exported by: Manitou Forest Products Ltd.
Case Number: A-122-857-148

Produced and/or Exported by: Marcel Lauzon Inc.
Case Number: A-122-857-149

Produced and/or Exported by: Marwood Ltd.
Case Number: A-122-857-150

Produced and/or Exported by: Materiaux Blanchet Inc.
Case Number: A-122-857-151

Produced and/or Exported by: Metrie Canada Ltd.
Case Number: A-122-857-153

Produced and/or Exported by: Mid Valley Lumber Specialties Ltd.
Case Number: A-122-857-154

Produced and/or Exported by: Midway Lumber Mills Ltd.
Case Number: A-122-857-155

Produced and/or Exported by: Millar Western Forest Products Ltd.
Case Number: A-122-857-157

Produced and/or Exported by: Mobilier Rustique (Beauce) Inc.
Case Number: A-122-857-158

Produced and/or Exported by: Multicedre Ltee
Case Number: A-122-857-160

Produced and/or Exported by: Nakina Lumber Inc.
Case Number: A-122-857-161

Produced and/or Exported by: National Forest Products Ltd.
Case Number: A-122-857-162

Produced and/or Exported by: Nicholson and Cates Ltd.
Case Number: A-122-857-164

Produced and/or Exported by: Norsask Forest Products Limited Partnership
Case Number: A-122-857-165

Produced and/or Exported by: North American Forest Products Ltd. (located in Abbotsford, British Columbia)
Case Number: A-122-857-166

Produced and/or Exported by: North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
Case Number: A-122-857-167

Produced and/or Exported by: North Enderby Timber Ltd.
Case Number: A-122-857-168

Produced and/or Exported by: Olympic Industries Inc-Reman Codes
Case Number: A-122-857-169

Produced and/or Exported by: Olympic Industries ULC
Case Number: A-122-857-170

Produced and/or Exported by: Olympic Industries ULC-Reman
Case Number: A-122-857-171

Produced and/or Exported by: Olympic Industries ULC-Reman Code
Case Number: A-122-857-172

Produced and/or Exported by: Olympic Industries Inc.
Case Number: A-122-857-173

Produced and/or Exported by: Pacific Western Wood Works Ltd.
Case Number: A-122-857-176

Produced and/or Exported by: Parallel Wood Products Ltd.
Case Number: A-122-857-177

Produced and/or Exported by: Pat Power Forest Products Corporation
Case Number: A-122-857-178

Produced and/or Exported by: Pine Ideas Ltd.
Case Number: A-122-857-180

Produced and/or Exported by: Pioneer Pallet & Lumber Ltd.
Case Number: A-122-857-181

Produced and/or Exported by: Porcupine Wood Products Ltd.
Case Number: A-122-857-182

Produced and/or Exported by: Power Wood Corp.
Case Number: A-122-857-183

Produced and/or Exported by: Precision Cedar Products Corp.
Case Number: A-122-857-184

Produced and/or Exported by: Prendiville Industries Ltd. (aka Kenora Forest Products)
Case Number: A-122-857-185

Produced and/or Exported by: Produits Forestiers Petit Paris Inc.
Case Number: A-122-857-186

Produced and/or Exported by: Produits forestiers Temrex, s.e.c.
Case Number: A-122-857-187

Produced and/or Exported by: Produits Matra Inc.
Case Number: A-122-857-188

Produced and/or Exported by: Promobois G.D.S. Inc.
Case Number: A-122-857-189

Produced and/or Exported by: Rayonier A.M. Canada GP
Case Number: A-122-857-190

Produced and/or Exported by: Rembos Inc.
Case Number: A-122-857-191

Produced and/or Exported by: Rene Bernard Inc.
Case Number: A-122-857-192

Produced and/or Exported by: Rielly Industrial Lumber Inc.
Case Number: A-122-857-194

Produced and/or Exported by: Roland Boulanger & Cie Ltee
Case Number: A-122-857-195

Produced and/or Exported by: San Industries Ltd.
Case Number: A-122-857-199

Produced and/or Exported by: Sawarne Lumber Co. Ltd.
Case Number: A-122-857-200

Produced and/or Exported by: Scierie Alexandre Lemay & Fils Inc.
Case Number: A-122-857-201

Produced and/or Exported by: Scierie St-Michel Inc.
Case Number: A-122-857-202

Produced and/or Exported by: Scierie West Brome Inc.
Case Number: A-122-857-203

Produced and/or Exported by: Sechoirs de Beauce Inc.
Case Number: A-122-857-205

Produced and/or Exported by: Sigurdson Forest Products Ltd.
Case Number: A-122-857-209

Produced and/or Exported by: Silvaris Corporation
Case Number: A-122-857-210

Produced and/or Exported by: Sinclar Group Forest Products Ltd.
Case Number: A-122-857-212

Produced and/or Exported by: Skana Forest Products Ltd.
Case Number: A-122-857-213

Produced and/or Exported by: South Beach Trading Inc.
Case Number: A-122-857-216

Produced and/or Exported by: Specialiste du Bardeau de Cedre Inc.
Case Number: A-122-857-217

Produced and/or Exported by: Spruceland Millworks Inc.
Case Number: A-122-857-218

Produced and/or Exported by: Surrey Cedar Ltd.
Case Number: A-122-857-219

Produced and/or Exported by: Taan Forest Limited Partnership (aka Taan Forest Products)
Case Number: A-122-857-221

Produced and/or Exported by: Taiga Building Products Ltd.
Case Number: A-122-857-222

Produced and/or Exported by: Tall Tree Lumber Company
Case Number: A-122-857-223

Produced and/or Exported by: Terminal Forest Products Ltd.
Case Number: A-122-857-226

Produced and/or Exported by: The Teal Jones Group
Case Number: A-122-857-227

Produced and/or Exported by: Trans-Pacific Trading Ltd.
Case Number: A-122-857-229

Produced and/or Exported by: Triad Forest Products Ltd.
Case Number: A-122-857-230

Produced and/or Exported by: Twin Rivers Paper Co. Inc.
Case Number: A-122-857-231

Produced and/or Exported by: Tyee Timber Products Ltd.
Case Number: A-122-857-232

Produced and/or Exported by: Usine Sartigan Inc.
Case Number: A-122-857-234

Produced and/or Exported by: Vaagen Fibre Canada ULC
Case Number: A-122-857-235

Produced and/or Exported by: Valley Cedar 2 Inc.; Valley Cedar 2 ULC
Case Number: A-122-857-236

Produced and/or Exported by: Vancouver Specialty Cedar Products Ltd.
Case Number: A-122-857-238

Produced and/or Exported by: Visscher Lumber Inc.
Case Number: A-122-857-239

Produced and/or Exported by: W.I. Woodtone Industries Inc.
Case Number: A-122-857-240

Produced and/or Exported by: West Bay Forest Products Ltd.
Case Number: A-122-857-243

Produced and/or Exported by: Western Forest Products Inc.
Case Number: A-122-857-246

Produced and/or Exported by: Western Lumber Sales Limited
Case Number: A-122-857-247

Produced and/or Exported by: Weston Forest Products Inc.
Case Number: A-122-857-249

Produced and/or Exported by: Weyerhaeuser Co.
Case Number: A-122-857-251

Produced and/or Exported by: White River Forest Products L.P.
Case Number: A-122-857-252

Produced and/or Exported by: Winton Homes Ltd.
Case Number: A-122-857-253

Produced and/or Exported by: Woodline Forest Products Ltd.
Case Number: A-122-857-254

Produced and/or Exported by: Woodstock Forest Products/Woodstock Forest Products Inc.
Case Number: A-122-857-255

Produced and/or Exported by: Woodtone Specialties Inc.
Case Number: A-122-857-256

Produced and/or Exported by: Brink Forest Products Ltd.
Case Number: A-122-857-261

Produced and/or Exported by: Canasia Forest Industries Ltd.
Case Number: A-122-857-262

Produced and/or Exported by: Carter Forest Products Inc.
Case Number: A-122-857-263

Produced and/or Exported by: FraserWood Inc.
Case Number: A-122-857-266

Produced and/or Exported by: FraserWood Industries Ltd.
Case Number: A-122-857-267

Produced and/or Exported by: Jasco Forest Products Ltd.
Case Number: A-122-857-268

Produced and/or Exported by: Oikawa Enterprises Ltd.
Case Number: A-122-857-272

Produced and/or Exported by: Portbec Forest Products Ltd.
Case Number: A-122-857-274

Produced and/or Exported by: Scierie P.S.E. Inc.
Case Number: A-122-857-275

Produced and/or Exported by: Sundher Timber Products Ltd.; Sundher Timber Products Inc.
Case Number: A-122-857-277

Produced and/or Exported by: Vanderhoof Specialty Wood Products Ltd.
Case Number: A-122-857-278

4.  Liquidation instructions for entries affected by this message have not yet been issued.

5.  Effective immediately, CPB is instructed to prevent liquidation of any entries subject to the above. Any entries of the above merchandise which may be set for liquidation are to be unset immediately.

6. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OIV:JDP.)

7. There are no restrictions on the release of this information.

Alexander Amdur